60823. BABB et al. v. THE STATE.

CARLEY, Judge.

Appellants, the stepfather and the natural mother of the prosecutrix, appeal their conviction of sodomy.

1. It is first urged that appellants' motions for directed verdicts of acquittal were erroneously overruled because the testimony of the prosecutrix was not corroborated. This argument is without merit. There was evidence which would authorize the jury to find the prosecutrix was not an "accomplice" within the meaning of Code Ann. § 38-121. *Perryman v. State,* 63 Ga. App. 819 (12 SE2d 388)

(1940). The jury was instructed that "an accomplice is a competent witness, but to warrant a conviction of a felony on the testimony of an accomplice, the testimony must be corroborated." "As the question as to whether or not the [prosecutrix] was an accomplice thus requiring corroborating evidence was properly left to the jury, and as the jury found the [appellants] guilty, it is evident that the jury decided that the [prosecutrix] was not an accomplice within the rule requiring corroboration." *Aimar v. State,* 116 Ga. App. 204 (156 SE2d 367) (1967). There was no error.

The evidence supports the verdict as to the stepfather. *Murray v. State,* 152 Ga. App. 871 (264 SE2d 337) (1980). The evidence also supports the verdict against the mother as a party to the crime under Code Ann. § 26-801. *Jones v. State,* 242 Ga. 893 (1) (252 SE2d 394) (1979); *Gentry v. State,* 129 Ga. App. 819, 821 (1b) (201 SE2d 679) (1973). A review of the entire record demonstrates that a rational trior of fact could have found from the evidence adduced at trial proof of appellants' guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellants enumerate error in allowing the state to elicit the testimony of a witness whose name had not been previously furnished to the defendant. "The witness called was in rebuttal. 'Calling an unlisted witness in rebuttal is not error. [Cits.]' [Cit.]" *Mize v. State,* 240 Ga. 197, 199 (6) (240 SE2d 11) (1977).

3. Appellants moved for a continuance based upon defense counsel's inability to locate and interview the prosecutrix prior to trial. The denial of this motion is enunciated as error.

It is well settled that a motion for continuance for additional time to adequately prepare a defense addresses itself to the discretion of the trial court and the exercise of that discretion will not be disturbed on appeal unless it has been clearly abused. *Massey v. State,* 226 Ga. 703 (1) (177 SE2d 79) (1970). The record before us demonstrates that the appellant-stepfather was arrested on the sodomy charge on January 15, 1980. The record further indicates that counsel who represented appellants at trial was involved in the case as early as February 1, 1980, and the trial commenced on February 28, 1980. "There is no fixed rule as to the number of days that should, of right, be allowed counsel for a defendant after his employment or appointment in a criminal case to prepare the case for trial, but the trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. A statement by counsel for the defendant that he has not had sufficient time to investigate and prepare the defense is a mere conclusion. 'Questions of this nature must of necessity be entrusted to the discretion of the trial

judge.' [Cit.]" *Foster v. State,* 213 Ga. 601, 603 (100 SE2d 426) (1957). We cannot say, under the facts and circumstances appearing in the record of this case, that the trial judge abused his discretion in refusing the continuance. *Foster v. State,* supra. See also *Dent v. State,* 136 Ga. App. 366, 368 (5) (221 SE2d 228) (1975); *Heard v. State,* 135 Ga. App. 685 (218 SE2d 866) (1975); *Vaughn v. State,* 126 Ga. App. 252, 257 (4) (190 SE2d 609) (1972).

4. It was not error to deny appellants' motion to inspect the statement of the prosecutrix where the trial court conducted an in camera inspection and found nothing exculpatory. *Moten v. State,* 149 Ga. App. 106 (253 SE2d 467) (1979).

5. Appellants urge they were denied their right to a public trial. Before the first witness was called, the trial judge inquired as to whether the public should be excluded from the courtroom during the trial. Appellants and the prosecution were agreeable and the public was not permitted to hear the trial. We find no error. Code Ann. § 81-1006.

*Judgments affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MARCH 4, 1981 —

*Martin W. Welch,* for appellants.
*Jeff C. Wayne, District Attorney,* for appellee.