### 75943. COHN v. THE STATE.
(368 SE2d 572)

DEEN, Presiding Judge.

The appellant, Tammy Cohn, provided child care for the twenty-two-month-old daughter of Leslie Gardner while the latter worked. On July 29, 1986, the child received a severe head injury when an angry Cohn threw her against a television set. Following her conviction for aggravated battery and operating a non-licensed child care facility, Cohn brings this appeal, enumerating as error several evidentiary rulings by the trial court. *Held*:

1. Another child for whom Cohn provided care at the time of the incident was allowed to testify that on previous occasions Cohn had gotten angry at the child victim because of the child's crying. The objection Cohn raised at trial was relevancy; on appeal, she contends that the admission of this testimony violated Rule 31.3 of the Uniform Superior Court Rules, which requires the prosecutor to give pretrial notice of an intent to present evidence of similar transactions or occurrences. This evidence certainly was relevant, and we will not consider whether admission of the testimony violated Rule 31.3, since that objection was not raised in the trial court. *Hagger v. State*, 179 Ga. App. 16 (345 SE2d 118) (1986).

2. On the grounds of relevance, the trial court disallowed a forensic pathologist (as a defense witness) to testify (1) why neurologists and neurosurgeons consulted with him, and (2) that many cases of suspected child abuse in which he had been consulted had been determined to be accidental. Both rulings were correct, as neither response would have tended to show the guilt or innocence of the defendant of the offense for which she was being tried. OCGA § 24-2-1, generally.

3. The trial court also disallowed defense counsel's inquiry of the forensic pathologist's opinion whether or not the child's injury was caused deliberately, on the grounds that such an opinion would impermissibly address the ultimate issue to be decided by the jury. Expert opinion testimony on even the ultimate issue is admissible where the conclusion of the expert is one beyond the ken of the average layman. *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981); *Nichols v. State*, 177 Ga. App. 689 (2) (340 SE2d 654) (1986). Resolution of the issue of whether the appellant had deliberately injured the

child in this case was not beyond the ability of the average layman, and the trial court properly excluded the testimony.

4. A licensed applied psychologist was allowed to testify about the various characteristics constituting a child abuser profile, and to state his opinion that based upon this testing and assessment of the appellant, Cohn did not fit that profile. The appellant's contention that the trial court disallowed such testimony is mistaken. The trial court did exclude as irrelevant the psychologist's testimony concerning his evaluation of Cohn's ability to reason and function under stress, which was proffered to explain why Cohn initially may not have been truthful about how the child was injured. However, whatever slight pertinence this testimony may have had, we are unpersuaded that its exclusion was reversible error.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in Divisions 1, 3, 4 and in the judgment.*

DECIDED APRIL 11, 1988.

*Glyndon C. Pruitt*, for appellant.
*Rafe Banks III, District Attorney, Garry T. Moss, Assistant District Attorney*, for appellee.