## 45625. RICHIE v. THE STATE.
### (369 SE2d 740)

MARSHALL, Chief Justice.

James Andrew Richie appeals his conviction of the felony murder of Eldridge Arrowood.[1] We affirm.

Richie, who is black, owned a brown van with an emblem on the spare-tire cover reading, "Sweet Daddy Rick." No other vehicle in Toccoa matched its description. Witnesses saw a black man driving Richie's van pull up beside the victim's automobile at a street intersection. The driver got out of the van, approached the victim's vehicle, exclaimed, "You m. . . .r-f. . . . .g narc,"[2] and shot the victim at a downward angle. The victim used marijuana, which he had purchased in that part of Toccoa. The victim died about a month later from a single .38-calibre pistol wound. The bullet had been fired at a downward angle. Richie was in possession of marijuana and .38-calibre pistol ammunition at the time of his arrest. The victim at first declined to identify his assailant, saying that he would take care of the matter himself. As the victim's condition worsened, the victim, then unable to speak, identified Richie as his assailant by a system of hand signals devised for that purpose.

1. Enumerated error 1 contends that the evidence does not support the verdict in that: (a) no one testified to having seen Richie shoot the victim and (b) the non-verbal dying declaration of the victim, together with the other evidence, proved that the victim did not know the identity of his assailant. However, the evidence showed that the victim did know his assailant, but declined to identify him at first. Moreover, there was other evidence supporting the verdict, such as

---

[1] The crime was committed on September 14, 1986. Richie was convicted and sentenced to life imprisonment on September 2, 1987. A motion for new trial was filed on September 29, 1987, and amended and denied on January 21, 1988. The transcript of the evidence was filed on March 7, 1988, and a notice of appeal was filed on February 17, 1988. The record was docketed in this Court on March 22, 1988, and the case was submitted by brief on May 6, 1988.

[2] "Narc" is a street abbreviation for an individual who is or works with a law enforcement agent specializing in the area of drug enforcement.

Richie's possessing the type of gun used, knowing the victim, confronting the victim concerning drugs at the time of the shooting, driving away from the scene of the crime afterwards, possession of marijuana, and his alibi's being refuted. We find the evidence sufficient to satisfy the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Enumerated error 2 is the admission in evidence, over objection, of the victim's non-verbal responses as dying declarations. Richie contends that such responses did not prove how or why the victim thought Richie was his assailant. Before the victim lost the ability to speak, he communicated to witnesses that he knew the identity of his assailant from his physical appearance and van, but withheld it because he believed he would recover and be able to seek revenge. There was ample evidence to establish prima facie that the victim was aware that he was "in the article of death" when he subsequently confirmed his previous identification of his assailant by hand signals, thereby qualifying the statement as admissible under OCGA § 24-3-6.

3. Enumerated error 3 contends that the admission in evidence of testimony concerning the discovery and seizure of marijuana in Richie's house a month after the shooting, was irrelevant and improperly placed his character in issue. " 'If evidence is relevant and material to an issue in (a) case, it is not inadmissible because it incidentally puts the defendant's character in issue. (Cits.)' [Cit.]" *Baxter v. State*, 254 Ga. 538, 547 (331 SE2d 561) (1985). Unlike *Merritt v. State*, 255 Ga. 459 (339 SE2d 594) (1986), cited by the appellant, identity was an issue here. The evidence was admissible in this case because it explained Richie's conduct in shooting an individual suspected of helping authorities apprehend persons such as himself, who were engaged in illegal narcotic operations. See *Shealey v. State*, 257 Ga. 437 (2) (360 SE2d 266) (1987).

4. The trial court did not err, as contended in enumerated error 4, in excluding the testimony of a defense witness concerning an unidentified, unknown white male's driving a non-descriptive brown van, without the identifiable characteristics of Richie's van, in her neighborhood and backing out of her driveway, some two weeks after the shooting. This proffered testimony was irrelevant in that it established no tie between any particular suspect and the unknown, unnamed individual in the van. Furthermore, the defense did not include a claim that a white man was involved in the shooting.

5. Contrary to the contentions in enumerated error 5, when the jury instructions are read and considered as a whole, the court's charges were not burden-shifting, viz.: (1) on malice (OCGA § 16-5-1; *White v. State*, 255 Ga. 210, 215 (336 SE2d 777) (1985)), (2) on intent (*Scott v. State*, 255 Ga. 701 (342 SE2d 310) (1986)), (3) on use of a

deadly weapon (*Crawford v. State*, 256 Ga. 585, 587 (351 SE2d 199) (1987), and (4) on sound mind and discretion (*Crawford*, supra, p. 587). *Hambrick v. State*, 256 Ga. 688 (353 SE2d 177) (1987). The trial court charged in terms of inferences rather than presumptions. Furthermore, any error was harmless, because intent to kill was not an issue because of the defense of alibi, and because Richie was convicted of felony murder with the underlying felony of aggravated assault.

*Judgment affirmed. All the Justices concur, except Hunt, J., not participating.*

DECIDED JUNE 30, 1988.

*Timothy P. Healy,* for appellant.
*Michael H. Crawford, District Attorney, Leonard M. Geldon, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.

