## A89A0137. FANCHER v. THE STATE.
(378 SE2d 923)

DEEN, Presiding Judge.

Dana Fancher was tried and convicted of violating the Georgia Controlled Substances Act, OCGA § 16-13-31 (c) (1), trafficking in marijuana.

On January 15, 1987, a Louisiana State Trooper stopped Jackie Goodwin, the driver of a U-Haul truck, for a license violation. When asked about his destination, Goodwin replied that he was moving furniture to Atlanta for a friend. During the stop, the officer noticed an odor of marijuana about the vehicle and called for a drug-detecting dog, who gave a positive alert on the truck. Goodwin consented to a search, and investigating officers found several cardboard boxes and two green garbage bags whose contents field-tested positive for marijuana. Goodwin and his passenger were arrested. Upon questioning, Goodwin revealed that he was driving the truck to Marietta, Georgia, to give the contents to appellant, and that he had delivered approximately eighty pounds to him two to three weeks earlier. A Louisiana officer contacted the Georgia Bureau of Investigation, and appellant's existence was confirmed. A GBI agent advised the trooper to bring the truck to a motel in Marietta, Georgia, to consummate the sale. Three state troopers accompanied Goodwin to Marietta. When they arrived, a GBI agent took custody of the truck containing 335 pounds of marijuana. Goodwin contacted appellant by telephone twice, and each of the conversations was recorded by the GBI.

Two GBI agents who wore recording equipment were installed in

a motel room. Appellant refused to talk to them in the room, but he did talk to Goodwin in the parking lot. Goodwin, in turn, informed the agents that Fancher wanted only part of the load. One of the agents then went to the parking lot, and, after he talked to Fancher, it was agreed that Fancher would take the entire load. The men then went back to the motel room, where appellant discussed the price of the marijuana with a buyer on the telephone. The entire transaction was videotaped and recorded. Appellant drove the U-Haul truck out of the parking lot onto a side street, where he was stopped and arrested by law enforcement officers. The automobile that he drove to the motel was impounded. It emanated an odor of marijuana. A later search revealed marijuana residue in the trunk, and seeds were discovered on the passenger side of the vehicle.

1. Fancher first contends that because the trial court failed to adhere to the notice and hearing requirements of Rules 31.1 and 31.3 of the Uniform Rules of the Superior Court, it erred in failing to exclude from evidence testimony of an alleged similar transaction involving large amounts of marijuana. He also contends that the similar transactions did not meet the relevance requirements of OCGA § 24-2-2.

The transcript shows that appellant did not raise any objection to testimony that appellant had received delivery of eighty pounds of marijuana from Jackie Goodwin approximately three weeks prior to his arrest. In fact, appellant's counsel cross-examined Goodwin on this issue.

Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. *Hardeman v. State*, 252 Ga. 286, 288 (313 SE2d 95) (1984). Similarly, this court will not consider whether testimony was admitted in violation of Rules 31.1 and 31.3 when no objection has been raised in the court below. *Cohn v. State*, 186 Ga. App. 816 (368 SE2d 572) (1988).

As to appellant's relevance objection, evidence that marijuana was found in the trunk of his automobile supported the inference that he had previously transported marijuana and was relevant to prove that he was predisposed to commit the crime for which he was indicted and to which he raised the defense of entrapment. This evidence was sufficient to withstand a relevancy objection. "Georgia favors the admission of evidence even where its relevancy or competency is doubtful, when it logically tends to elucidate or throw light upon a material issue. [Cits.]" *Worth v. State*, 183 Ga. App. 68, 69 (358 SE2d 251) (1987). " '(E)vidence is relevant if it renders the desired inference more probable than it would be without the evidence.' [Cits.]" "Under the broad discretion of the trial court, the admission of the evidence clearly was not error." *Worth v. State*, supra at 70.

2. The trial court did not err in refusing to give appellant's request for a charge on entrapment. The charge as requested stated in part: "[S]hould you find that the defendant was jointly possessed of the property with law enforcement officers or an employee of the law enforcement agency, then in that event, the defendant would be not guilty by reason of entrapment."

The State's evidence showed sole possession of the marijuana by Fancher after the truck was turned over to him in the parking lot and when he drove it onto a side street near the motel. The fact that the law enforcement officers did not intend to permit him to escape with the contraband does not show joint possession.

The trial court fully charged the jury on the issue of entrapment. " 'A requested charge needs to be given only where it embraces a correct and complete principle of law adjusted to the facts and which is not otherwise included in the general instructions given.' " *Andrews v. Major*, 180 Ga. App. 393, 396 (349 SE2d 225) (1986).

Appellant's argument that the charge as given was confusing to the jury was not enumerated as error. Error argued in the brief, but not enumerated as error, will not be considered on appeal. Enumerations of error cannot be enlarged by statements contained in the brief to include issues not contained in the enumeration. *Scott v. State*, 177 Ga. App. 474, 477 (339 SE2d 718) (1986).

3. Appellant next raises objection to the trial court's failure to order the State to produce certain tape-recordings of the defendant, Goodwin and law enforcement officers so he could investigate, and test their accuracy and admissibility prior to trial.

The record shows that Fancher filed a pretrial motion seeking disclosure of all electronic surveillance. A motion for independent examination of scientific evidence must be specific and "identify . . . particular critical physical evidence for examination." *Smith v. State*, 171 Ga. App. 758, 759 (321 SE2d 213) (1984). At one point, appellant informed the court he was simply seeking discovery of the tapes and not scientific examination. At the motion hearing, he agreed to stipulate the authenticity of the videotape and that the court listen to and examine the tapes for exculpatory matter. On the second day of trial, he inquired as to the court's examination, and the judge replied that he had examined the tapes and found nothing exculpatory therein. The court granted counsel's request to be permitted to listen to the tapes with his client prior to opening statements. When it was brought to the court's attention that counsel and the court had not heard certain prefatory comments on the tape and a tape pertaining to the parties, counsel was permitted to hear these portions of the tapes. The request for scientific examination was made orally at trial. It was properly denied as not timely made. *Dixon v. State*, 180 Ga. App. 222, 224 (348 SE2d 742) (1986).

Appellant's argument that he was entitled to pretrial disclosure of the tapes because they contained custodial statements is without merit. His only request for his statements was made pursuant to a *Brady* motion. Appellant's own statements are not subject to discovery under this motion. *Johnson v. State*, 177 Ga. App. 705, 706 (340 SE2d 662) (1986). Moreover, the challenged tapes do not contain custodial statements. "Utterances made by appellant during the commission of, or in connection with, the crime charged do not constitute statements given 'while in custody.'" *Holbrook v. State*, 162 Ga. App. 400, 402 (291 SE2d 729) (1982).

4. As appellant did not object to the trial court's failure to charge the jury that it must determine the voluntariness of the tape-recorded conversation between himself and Goodwin when the court inquired as to his objections to the charge and he did not reserve the right to later object, he has waived this alleged error on appeal. *Henderson v. State*, 182 Ga. App. 513 (356 SE2d 241) (1987).

Appellant's argument that the court erred in failing to hold a hearing on the voluntariness of Goodwin's consent to the tape-recording is outside the scope of this enumeration and will not be considered. *Scott v. State*, supra.

5. The trial court did not err in denying appellant's motion to suppress evidence taken from his automobile on May 22, 1987.

The evidence at the motion hearing revealed that on May 19, 1987, the State entered a voluntary dismissal of the libel for condemnation of appellant's Chevrolet automobile. This dismissal was signed by appellant's attorney and provided in part: "By consent of the parties, the defendant will not be allowed to reassume the contract. The vehicle will be released to the lien holder, G. M. A. C." In ruling upon the motion, the court held that through the entry of the voluntary dismissal the defendant relinquished his "interest in the property in question so that the defendant could then no longer retain a reasonable expectation of privacy with regard to it." Appellant argues that despite the court's ruling he retained a proprietary interest in the vehicle because he was to receive the excess proceeds of any sale by G. M. A. C. and therefore continued to hold an ownership interest in it until its final disposition by G. M. A. C.

Assuming *arguendo* that appellant retained an ownership interest in the vehicle, his consent to release the vehicle to G. M. A. C. resulted in an abandonment of any reasonable expectation of privacy because the car was to be placed for sale and was therefore open for inspection. This type of abandonment " 'is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at

the time of the search.' [Cit.]" *Bassett v. State*, 181 Ga. App. 597, (353 SE2d 48) (1987). Abandonment is an issue to be determined by the trier of fact, and such a finding will not be disturbed on appeal if there is any evidence to support it. *Williams v. State*, 171 Ga. App. 546, 548 (320 SE2d 389) (1984). We find no error.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED FEBRUARY 22, 1989.

*Douglas N. Peters*, for appellant.

*Thomas J. Charron*, District Attorney, *Debra H. Bernes*, *Nancy I. Jordan*, Assistant District Attorneys, for appellee.