A89A1485. BAKER v. THE STATE.
(388 SE2d 402)

BEASLEY, Judge.

Defendant appeals his conviction for aiding and abetting in the sale of marijuana to an undercover agent. OCGA § 16-2-20 (b) (1) and § 16-13-30.1.

1. The first enumeration of error complains that at the beginning of trial defendant sought to utilize the table next to the jury but was told that it was customarily used by the State. Defendant objected but the trial court ruled that the State could use the table and defendant was relegated to the other table.

The discretion of the trial court in regulating the conduct of counsel and the witnesses and in prescribing the manner in which business of the court shall be conducted is very broad and will be reversed only upon a showing of abuse. *Butler v. State*, 172 Ga. App. 405, 406 (1) (323 SE2d 628) (1984). The exercise of the inherent power of the court in this instance did not constitute an abuse of discretion. *Jackson v. State*, 154 Ga. App. 367, 368 (2) (268 SE2d 418) (1980); *Jackson v. State*, 149 Ga. App. 496, 498 (1) (254 SE2d 739) (1979).

2. The second enumeration of error urges that the trial court erred by denying defendant's motion for a mistrial advanced in response to testimony elicited by the State "which referred to another, wholly unrelated, alleged crime." Specifically, defendant maintains the trial court failed to comply with OCGA § 17-7-210 and USCR 31.3.

The testimony relates to encounters involving defendant and a GBI undercover agent between August 23, 1987, the date of the crime of which defendant was convicted, and the end of November, the time the agent left the Albany area. The timing of the events is indeterminate because of inconsistency in the testimony of the agent at the committal hearing and his testimony at trial. The four events, regardless of sequence, were: (1) defendant went to the agent's apartment to get money the agent owed to Israel, a jailed friend of defendant, for a sale of drugs Israel had made to the agent; (2) defendant went to the agent's apartment to buy marijuana from the agent; (3) defendant went to the agent's apartment to sell marijuana; (4) at a chance meeting outside a restaurant, defendant asked if the agent wanted any "yellows" (street slang for five-milligram Valium). No sales were ever made, nor was there testimony indicating whether defendant was ever in possession of controlled substances.

(a) OCGA § 17-7-210 (a) states that "[t]he defendant shall be entitled to have a copy of any statement given by him while in police custody." In compliance with the Code, defendant's counsel made a request for such statements. The record does not reflect the State's responding to this or any other of defendant's discovery requests. Defendant urges "[t]he threshold question for this tribunal is whether a statement made to an undercover agent requires disclosure pursuant to OCGA § 17-7-210."

The question is essentially rhetorical in that appellant cites *Yeargin v. State*, 164 Ga. App. 835 (298 SE2d 606), which emphasized this code section "applies only to statements given by the defendant 'while in police custody.'" All of the encounters to which the agent testified occurred prior to the end of November 1987. The arrest warrant was issued for defendant on December 14, and he was taken into custody when he voluntarily went to the police station when learning of the warrant during a call home.

Because defendant was not in police custody at the time the statements were made, the State's failure to produce them did not make the testimony inadmissible. *Banther v. State*, 182 Ga. App. 333 (2) (355 SE2d 709) (1987).

(b) Application of USCR 31.3 presents questions of procedure, evidence, and word meaning, and deals with the content aspect of defendant's argument not addressed under OCGA § 17-7-210: 1) whether the statements elicited from the State's witness constitute testimony about similar transactions or occurrences; 2) whether the State followed the rule which requires giving notice to defense counsel of intent to introduce evidence of similar transactions or occurrences; 3) whether, even if the State's conduct was procedurally defective and the testimony is considered to constitute similar transactions or occurrences, the errors were harmless.

"Notices of the state's intention to present evidence of similar transactions or occurrences . . . shall be given and filed at least ten days before trial unless the time is shortened or lengthened by the judge." USCR 31.1. "The state may present during the trial evidence of only those similar transactions or occurrences specifically approved by the judge." USCR 31.3 (B). "Evidence of similar transactions or occurrences not approved shall be inadmissible." USCR 31.3 (C). Notice of intent to offer such evidence is not optional. "Under Uniform Superior Court Rule 31.3 the [plaintiff] *must* give a defendant notice of its intent to present evidence of similar transactions or occurrences and seek the prior approval of the trial judge before presenting such evidence." *Minter v. State*, 258 Ga. 629, 630 (2) (373 SE2d 359) (1988). (Emphasis supplied.)

(1) An "occurrence" is defined as a "coming or happening; any incident or event, especially one that happens without being designed

or expected." Black's Law Dictionary, 4th ed., p. 1231. None of the events to which the agent testified was designed or expected, including the event which resulted in defendant's conviction. The agent testified he was introduced to the defendant when the agent went to Israel's apartment to buy LSD. Certainly, the content of the testimony related by the agent involves occurrences. Considering that all the occurrences were related to the purchase or sale of drugs, the "similarity" requirement is satisfied.

We need not discuss the definition of a transaction, other than to state it is a narrower term than occurrence. A transaction would include a sale, or some interaction between two or more parties, and statutorily, would include possession. See Controlled Substances Act, OCGA § 16-13-1 et seq.

(2) The State does not deny it never tendered notice to defendant's counsel, but contends that the testimony was offered only for the purpose of identifying the defendant and showing his bent of mind. The purpose is irrelevant, for the State must give notice regardless of its purpose in introducing the evidence. USCR 31.3 covers the evidence, at least if it is offered in the case in chief, as here. The question of purpose enters in only when objection is interposed regarding admissibility under OCGA § 24-9-20. See *Smith v. State*, 182 Ga. App. 740, 741 (1) (356 SE2d 723) (1987). Since no notice was ever given, violation of the Rule rendered the evidence inadmissible.

(3) The purpose of the rule is to "provide a criminal defendant adequate notice of the State's intent to use similar transactions to enable the defendant to resolve questions regarding admissibility of such evidence before trial." *Todd v. State*, 189 Ga. App. 538, 539 (1) (376 SE2d 917) (1988). Although a violation must result in prejudice to the defendant in order to be reversible, "[t]he rule clearly presupposes that the state's failure to comply with the rule will result in harm to the defendant." Id. "The rule by its nature implies a presumption of harm from lack of notice." Id. at 541. There is no question that without the evidence of other occurrences the State's case would have been weaker. Under the present circumstances, we cannot say it was highly probable the error did not contribute to the judgment. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976), and the judgment must be reversed.

3. Defendant asserts the trial court erred in prohibiting defense attorney from inquiring, on cross-examination, about criminal charges brought against Israel arising from an arrest on the same evening as the alleged sale of marijuana by defendant.

A witness may be discredited by evidence of bad character and convictions of crimes involving moral turpitude. OCGA § 24-9-84; *Beasley v. State*, 168 Ga. App. 255, 256 (1) (308 SE2d 560) (1983). The evidence sought to be elicited was improper for impeachment

and did not involve the acts of the witness. Defendant's contention that such evidence would have been in irreconcilable conflict with the undercover agent's testimony is not sustainable. The scope of cross-examination is within the discretion of the trial court and will not be reversed unless that discretion is abused. *Birge v. State*, 143 Ga. App. 632, 634 (4) (239 SE2d 395) (1977). There was no abuse of discretion in limiting the cross-examination to relevant and material evidence. *Jones v. State*, 135 Ga. App. 893, 898 (5) (219 SE2d 585) (1975).

Moreover, it is obvious that the jury did determine that Israel was the major participant in the sale because defendant was only found guilty of aiding and abetting. Even if the evidence sought to be elicited was relevant and its exclusion error, the failure to permit cross-examination in this area was not harmful. Error without harm is not reversible. *Waller v. State*, 134 Ga. App. 886, 888 (4) (216 SE2d 637) (1975).

4. Error is assigned to the trial court's sustaining an objection to a defense question of the agent: "Did you ascertain whether or not Mr. Israel had a record for the sale of drugs of any type?" It is argued that the answer to this question would have impugned the agent's credibility and highlighted the inaccuracy of his testimony. No basis is set forth as to why this would be true. Israel's proclivity for drug offenses certainly would not have demonstrated this fact. This enumeration of error suffers from the same defects as that in Division 3.

5. After defendant testified that he had completed a drug rehabilitation program in January 1988, the prosecutor asked him on cross-examination: "Is that the first time you've ever been in drug rehab?" The defendant moved for a mistrial, which was denied. There was no response. Defendant contends that the question interjected his character into evidence.

*Jones v. State*, 257 Ga. 753, 759 (1) (b) (363 SE2d 529) (1988), notes that where a testifying defendant admits prior criminal activity he has not placed his character "in issue," but "he has raised an issue which may be fully explored by the State on cross-examination." Furthermore, if defendant admits a crime implying that is his only criminal offense, his testimony is subject to rebuttal by proof of other committed crimes.

The State was attempting to undermine defendant's assertion of reformation from the fact that he had undertaken treatment for drug abuse. Moreover, defendant did not respond to the question and it was withdrawn. It was not error to deny the motion for mistrial, as an unanswered question does not furnish grounds for such motion. *Middlebrooks v. State*, 169 Ga. App. 507, 509 (2) (313 SE2d 764) (1984); *Burns v. State*, 166 Ga. App. 766, 769 (5) (305 SE2d 398) (1983).

6. Defendant complains of the failure to give his request to charge, but the request is not a part of the record below and the enu-

meration of error raising this ground will not be considered. *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779) (1980); *Williams v. State*, 165 Ga. App. 553 (1) (301 SE2d 908) (1983).

7. The remaining enumerations of error are without merit.

The judgment must be reversed because of the error found in Division 2.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 13, 1989.

*John M. Beauchamp & Associates, Kermit S. Dorough, Jr.,* for appellant.

*Britt R. Priddy, District Attorney, John L. Tracy, Assistant District Attorney,* for appellee.