## S90A1567. RODGERS v. THE STATE.
(401 SE2d 735)

CLARKE, Chief Justice.

This is an appeal from convictions of child molestation, OCGA § 16-6-4 (a), and sodomy, OCGA § 16-6-2. It is before us on a constitutional challenge.

Appellant was convicted of child molestation of a 12-year-old boy scout who was loading firewood at his house in Jackson County. Ac-

cording to testimony of the victim the appellant "grabbed ahold of" his penis while wiping dirt and debris from the firewood off his pants.

Appellant was convicted of sodomy upon the 16-year-old brother of the 12-year-old scout. The 16-year-old, who was born with some paralysis on his right side, sometimes worked for the appellant. He testified that he had engaged in an act of oral sodomy with the appellant at the latter's suggestion in Jackson County.

The appellant was convicted of one count of child molestation, OCGA § 16-6-4, and one count of sodomy, OCGA § 16-6-2, in connection with the two Jackson County incidents. He was sentenced· to 20 years on each count, to be served consecutively.

According to testimony at trial the appellant took a group of scouts on a camping trip to Houston County. The 12-year-old victim of the pants brushing incident told his brother, the sodomy victim, that the appellant had molested him on this trip while the victim was in his sleeping bag. The victim then told his mother. Upon questioning, he told his mother that the appellant had, in another incident in Jackson County, rubbed his hands on the front of his pants.

1. Reviewing the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have found appellant guilty of the crime for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that he was denied effective assistance of counsel because at the preliminary hearing the magistrate quashed his subpoenas of the two victims and other boys who were on the camping trip. Appellant argues that he was not able to confront the "eyewitnesses" to the crime to prove absence of probable cause.

All of these witnesses were on the state's witness list. The appellant contends that while these might be the state's witnesses, it is possible they would have testified in his behalf at the preliminary hearing, and therefore he had a right to examine them. While appellant concedes that there is no general right to discovery in a criminal case, *Pruitt v. State*, 258 Ga. 583 (373 SE2d 192) (1988), he argues that by putting witnesses on its list, moving to quash the appellant's subpoenas, and then not calling the witnesses, the state was able to exercise absolute control over the appellant's examination of witnesses.

The state responds that any error was harmless beyond a reasonable doubt. The state says that since no corroboration is needed to convict for child molestation or sodomy, appellant could not have been harmed by not being able to examine the two victims at the preliminary hearing. Further, the appellant was able to cross-examine and attempt to impeach the two victims at trial. Finally, even after an opportunity to examine all these witnesses, the appellant has failed to

show that he was harmed by the magistrate's quashing of his subpoenas.

3. Appellant argues that the trial court erred in allowing the state to present evidence of two incidents as similar transactions. The state was allowed to present evidence that before trial appellant attempted to molest a cellmate by touching his genitals. The trial court also allowed evidence of an incident involving another inmate in which appellant allegedly offered to give the inmate a massage, saying that he was a homosexual and had worked at a gay massage parlor.

> In order for evidence of independent crimes to be admissible, there must be some *logical* connection between the independent crimes and the offense charged tending to prove the offense charged, other than by merely showing the bad character of the accused. *Wimberly v. State*, 180 Ga. App. 148, 149 (348 SE2d 692) (1986), citing *Johnson v. State*, 242 Ga. 649 (250 SE2d 394) (1978).

Appellant argues that since the conduct alleged by the cellmates is not what he was accused of doing with regard to the sodomy charge or the child molestation charge, the transactions were not "similar." The state contends that the two incidents were sufficiently similar and showed bent of mind and intent.

We find that the two incidents involving the inmates were sufficiently similar to the charges of child molestation and oral sodomy to justify admission as similar transactions.

4. The appellant argues the trial court did not timely hold a hearing on similar transactions evidence, despite the appellant's motion that a hearing be held prior to trial. In its opening statement at trial the prosecution stated that it would offer evidence of a similar transaction between the appellant and the alleged victim on the camping trip in Houston County, Georgia. Notice of intent to present evidence of this similar transaction was filed March 13, 1990. Appellant filed no motion in limine. When the prosecution began to refer to this incident in opening remarks, the appellant objected that there had been no hearing. The trial court held the admissibility hearing outside the presence of the jury and denied appellant's motion to prevent the state from presenting evidence of similar transactions. The admissibility hearing on the evidence concerning the two cellmates was not held until even later in the trial.

Rule 31.3 states that the trial court may hold such a hearing "at such time as may be appropriate." While Rule 31.2 states that motions "will generally be heard" prior to trial, the state contends that it is not error to hold the hearing in the middle of trial. The appellant insists that the failure to hold an admissibility hearing prior to trial is

error as a matter of law. In *Grogan v. State*, 192 Ga. App. 234 (384 SE2d 441) (1989), the Court of Appeals found substantial compliance with the uniform rule if the hearing is held before the evidence of similar transactions is introduced. However, if the hearing is not held prior to trial the similar transaction must in fact be sufficiently similar that the defendant would have reasonably contemplated its presentation. In other words, the Court of Appeals found that it was unfair for the defendant to be surprised halfway through the trial with the necessity of defending against something unexpected.

Appellant received timely notice that the state intended to introduce the camping trip incident in Houston County involving the victim. Furthermore, this incident was so similar that the appellant should have been prepared for the state to introduce it. Therefore, the fact that a hearing was not held prior to trial was not a violation of Uniform Superior Court Rule 31.2. We have found that the incidents with the cellmates were sufficiently similar to child molestation and oral sodomy upon a minor to be admitted into evidence. The hearing was held prior to the introduction of evidence of these incidents, and the fact that the hearing was not held prior to trial did not prejudice appellant.

5. The appellant last argues that OCGA § 16-6-2 (b) is unconstitutional because it imposes cruel and unusual punishment. The statute provides that the punishment for sodomy shall be not more than 20 years. The test is whether the sentence shocks the conscience. Interestingly enough, in *Bowers v. Hardwick*, 478 U. S. 186 (106 SC 2841, 92 LE2d 140) (1986), in which the United States Supreme Court addressed a constitutional challenge to OCGA § 16-6-2, five justices expressed concern that the Georgia sodomy statute might present an Eighth Amendment problem. (See concurring opinion of Justice Powell and dissenting opinion of Justice Blackmun, joined by Justices Brennan, Marshall, and Stevens.)

The state points out that this court has dealt with this issue where less than the maximum sentence was imposed. In *Gordon v. State*, 257 Ga. 439 (360 SE2d 253) (1987), this court found that a sentence of ten years confinement and ten years probation did not shock the conscience where there had been multiple acts of oral sodomy upon a 16-year-old. In *Ray v. State*, 259 Ga. 868 (389 SE2d 326) (1990), we found that a ten-year sentence for repeated acts of sodomy with a 14-year-old male did not shock the conscience. The state insists that even the 20-year maximum sentence imposed here does not shock the conscience. We agree. The decision of the legislature in setting the statutory penalty for a crime is due great deference. We refuse to substitute our judgment for that of the legislature. We have not reviewed and will not here review the proportionality of the sentences received by appellant. Such a review by this court is appro-

priate only in cases in which the death penalty is imposed. In other cases, the defendant's remedy is an application to the Sentence Review Panel.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 1991.

*Jerry C. Gray*, for appellant.

*Timothy G. Madison*, District Attorney, *Jeffrey G. Morrow*, Assistant District Attorney, for appellee.