A92A1417. ANNISON v. THE STATE.
(427 SE2d 5)

BIRDSONG, Presiding Judge.

Paul Annison appeals convictions for sexual molestation and aggravated sodomy of his stepdaughter. He enumerates various errors, primarily concerning evidentiary rulings by the trial court concerning similar transaction evidence. *Held*:

1. Reviewing the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found Annison guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Annison contends the trial court erred by allowing similar transaction evidence that he molested the victim, his stepdaughter, in another county where they earlier lived on dates outside the statute of limitation because the State did not comply with the requirements of Uniform Superior Court Rule 31 for pretrial notice and pretrial hearing. Although the record shows that no Rule 31.1 and 31.3 (A) notice was given ten days prior to trial and no Rule 31.3 (B) hearing was held prior to the date scheduled for trial, the record also shows that Annison did not object to admission of this evidence on the basis of a violation of Rule 31 because of lack of timely notice or a hearing. Therefore, since this objection is raised on appeal for the first time, we will not consider this issue. *Cohn v. State*, 186 Ga. App. 816 (368 SE2d 572).

In any event, the record shows also that a hearing was held prior

to the presentation of this evidence during which admissibility of the evidence was considered, in part, under the standards of admissibility for similar transaction evidence. Additionally, the record also shows that prior to this hearing Annison was aware of these allegations because he sought to use the retraction of certain allegations in his defense. Moreover, although Annison, of course, denied the allegations, there was no question of either identity or similarity because all the allegations were made by the same victim, Annison's stepdaughter, and concerned a continuous course of conduct. Therefore, we conclude the hearing conducted was sufficient under *Rodgers v. State*, 261 Ga. 33, 36 (401 SE2d 735).

Additionally, although Annison sought a continuance on other grounds, he did not seek a continuance because of the State's failure to comply with Rule 31.3 even after being made aware of the State's intention to present this evidence. Considering all of these factors, we conclude that if any failure to comply with Uniform Superior Court Rule 31 was error, the error was harmless beyond a reasonable doubt. *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869); *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38).

Annison also contends that the trial court erred by allowing the State to present evidence about threats he made against the victim, her brothers, and her mother because of the State's failure to comply with Rule 31. There was no error. This evidence was not presented as similar transaction evidence and would not qualify for admission on that theory. Instead, the evidence was introduced to show or explain the reason the victim did not come forward with her allegations or to explain why she recanted her earlier allegations. Thus, notice under Uniform Superior Court Rule 31 was not required, and this evidence was admissible even if it incidentally put Annison's character in issue. *Richie v. State*, 258 Ga. 361, 362 (369 SE2d 740).

3. We find no error in the admission in evidence of the tape of the victim's interview with the police or the testimony of witnesses concerning the victim's statements to them about Annison's sexual activities with her. Since this evidence was consistent with the victim's testimony at trial, her credibility had been questioned, and she was available for and was cross-examined, it is admissible as substantive evidence under *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661).

4. Annison also contends the trial court erred by allowing a police officer to answer a question about medical evidence. The purported medical evidence, however, concerned whether in the officer's experience investigating molestation cases it was common for the medical doctors to find physical evidence of sexual molestation. As this question did not call for the witness to express a medical opinion, there was no error. Further, whether to allow the officer to respond was a matter committed to the discretion of the trial court; under the cir-

cumstances, we find no abuse of discretion. *Palmer v. State*, supra at 898-899.

5. Annison also contends the trial court erred by denying his motion for a continuance. This enumeration of error is based upon information provided to the defense after an in camera inspection of materials in the prosecution's file in response to Annison's earlier filed *Brady* motion. Whether to grant a continuance is a matter committed to the sound legal discretion of the trial court (OCGA § 17-8-22), and the trial court's decision will not be disturbed on appeal unless clearly abused. *Babb v. State*, 157 Ga. App. 757 (278 SE2d 495). We find no abuse of discretion in this case. Moreover, Annison was required to show that he exercised due diligence (OCGA § 17-8-20), and since the information he received as a result of the in camera inspection of the State's file was either known to the defense generally or could have been obtained independently by the defense, Annison has not shown due diligence. Thus, there was no error.

6. Annison further contends the trial court erred by charging the jury that a witness' testimony, stating she heard the victim say she made up allegations about Annison sexually molesting her because she wanted to break up her mother's marriage to Annison, was allowed under the verbal acts' exception to the hearsay rule and the evidence was not substantive evidence. Although *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) permits the introduction of inconsistent statements as substantive evidence, *Gibbons* did not remove the requirement that Annison must lay a proper foundation for admission of the purportedly inconsistent statement. As Annison failed to lay the required foundation (*Hawkins v. State*, 195 Ga. App. 739, 740 (395 SE2d 251)), the trial court did not err.

7. Annison also contends the prosecution impermissibly commented upon his right to remain silent by asking a police officer whether he attempted to interview Annison, and that the trial court erred by denying his motion for a mistrial. The record shows that after the trial court denied his motion for a mistrial on this issue Annison then requested and was granted a limiting instruction on this issue, and did not renew the motion for a mistrial. Under these circumstances, any issue concerning the denial of the motion for mistrial was waived. *Jarrells v. State*, 258 Ga. 833, 836 (375 SE2d 842).

*Judgment affirmed. Sognier, C. J., McMurray, P. J., Carley, P. J., Pope, Cooper, Andrews and Johnson, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

I concur in Division 1 but not in Division 2 and consequently, I respectfully dissent. Since the conclusion I reach is that a new trial must be given, I do not reach the other enumerations of error.

Defendant enumerates as error the failure to abide by USCR 31.3. Defendant did object at trial to the admissibility of a number of incidents which were outside the scope of the indictment because he had no notice from the State that they would be introduced as similar occurrences. The indictment expressly encompassed the entire statute of limitation for the three acts charged and of course was limited to acts within one county. The incidents objected to were beyond this scope.

Uniform Superior Court Rule 31.3 mandates specifically detailed prior notice of the State's intention to seek the admission of transactions which are not covered in the indictment. The surprise which the rule seeks to avoid was thus thrust upon the defendant. He is entitled to a new trial, *Story v. State*, 196 Ga. App. 590 (396 SE2d 547) (1990), because the State has not shown that its violation of the rule did not harm defendant. See *Baker v. State*, 193 Ga. App. 498, 500 (2b, 3) (388 SE2d 402) (1989). Cf. *Todd v. State*, 189 Ga. App. 538 (1) (376 SE2d 917) (1988).

DECIDED NOVEMBER 12, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992 

*Jimmy D. Berry, Mitchell D. Durham*, for appellant.
*David McDade, District Attorney, Scott K. Camp, Assistant District Attorney*, for appellee.