A92A0869. BOGAN v. THE STATE.
(426 SE2d 392)

BIRDSONG, Presiding Judge.

Clarence Bogan appeals his conviction of armed robbery, kidnapping, possession of a firearm during an armed robbery, and the sentence. He enumerates six errors. *Held*:

1. Appellant asserts the trial court erred in allowing the police officer to testify as to appellant's spontaneous and voluntary statements that he had ingested cocaine.

The incident occurred at approximately 3:00 p.m. The victim identified appellant as having first come into her store to purchase cigarettes, then returning later to rob her. A subsequent informal accounting revealed approximately $100 had been taken from the service station. At the time of the robbery, appellant's eyes were glassy, his speech slurred, and he acted strangely. Appellant was acting totally different than he had earlier when he bought the cigarettes. About 8:00 p.m., police went to appellant's home and arrested him; at that time, appellant made a voluntary, spontaneous statement that he

had ingested cocaine just before the police arrived to arrest him. Appellant was taken to the police station and advised of his *Miranda* rights. When asked if he wished to waive those rights, appellant made another voluntary, spontaneous statement that he was unable to talk to the police because he had ingested a nickel bag of cocaine "approximately five hours before [the police officer's] arrival to him."

The first voluntary, spontaneous statement was admissible to show the circumstances surrounding appellant's arrest. All circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them. *Lanham v. State*, 184 Ga. App. 554 (2) (362 SE2d 131); compare *State v. Luke*, 232 Ga. 815 (209 SE2d 165). Where evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded because it incidentally shows the commission of another crime. *Sapp v. State*, 184 Ga. App. 527, 528 (2) (362 SE2d 406). Moreover, the statement had independent relevance to establish that appellant had ingested cocaine prior to the time of his arrest. The significance of this is increased by the second voluntary, spontaneous statement made by appellant at approximately 8:00 p.m. clarifying that he had used cocaine about five hours earlier; this would have been about 3:00 p.m., near the time of the robbery. The fact appellant ingested cocaine around the time of the robbery clearly was corroborative of the victim's testimony regarding the strange change in appellant's conduct between the time he bought the cigarettes and subsequently robbed the store. As such, it was admissible as to the issue of identification. Likewise, appellant's first statement was relevant as to the issue of identification. " 'Where evidence may incidentally put character in issue or be prejudicial it may be admitted if otherwise relevant.' " *Coney v. State*, 198 Ga. App. 272, 274 (3) (401 SE2d 304). Appellant's contentions as to these statements are without merit.

2. Appellant asserts the trial court erred in not allowing appellant's probation officer to impeach the victim with opinion testimony and references to specific incidents in support of the probation officer's conclusions, inter alia, that the victim's character "was generally bad" and she would not believe her under oath. The probation officer testified, outside the presence of the jury, that she knew, at least as among the probation community, that the victim's character is bad, but she did not know what the victim's reputation for general character was among the victim's neighborhood and social peer groups. Specifically, the probation officer testified that her opinion as to the victim's reputation was based on her personal dealings with the victim as her probation officer and also with comments made through law enforcement agents with whom she has been in contact. The record also reflects that the witness had not interviewed anyone from the victim's work place, and thus was not familiar with her reputation

there. Thus, we find *Gravitt v. State*, 220 Ga. 781, 786 (8) (141 SE2d 893) to be factually distinguishable.

Relying on OCGA § 24-9-84; *Gresham v. State*, 169 Ga. App. 525, 527 (314 SE2d 111) (specific acts not admissible to establish general character; opinion as to a party's character based solely upon personal observation is not allowed); and *Ailstock v. State*, 159 Ga. App. 482, 483-484 (283 SE2d 698) (specific acts not admissible to show general bad character), the State argues that the trial court did not err in not allowing the probation officer to testify, as she did not have knowledge of the victim's general character reputation within her community.

The place in which to ascertain a person's true reputation is the place where people, generally, have had the best opportunity of forming a correct estimate of the person's character. It is obvious that this may not, in each and every instance, be the neighborhood where a man's home is situated. *Martinez v. State*, 189 Ga. App. 69, 71 (1) (375 SE2d 123) (thus, in an exceptional case, general reputation in a penal institution was admissible). While, under certain circumstances, a person might well have a general character reputation within a small specialized community, such as the probation community or the law enforcement community, the record before us fails to establish such fact in this case. Rather, reasonable inferences can be drawn from the testimony of the probation officer that she actually was giving her personal opinion as to the victim's reputation for general character based upon personal observation coupled with unspecified reports received from unidentified law enforcement officials rendered under undisclosed circumstances. The admissibility of evidence rests largely within the sound discretion of the trial court. See generally *Roney v. State*, 192 Ga. App. 760, 763 (2) (386 SE2d 412). The record reveals no such abuse by the trial court.

3. Appellant asserts the trial court erred in limiting the cross-examination of the victim and the person who could provide testimony linking appellant to the crimes charged.

On cross-examination, appellant was allowed to introduce evidence of the victim's prior conviction, pursuant to a guilty plea, of two counts of bad checks. Thereafter, the State objected after appellant began questioning the victim as to her probation status. Appellant explained its defense strategy and the purpose of its questions as follows: "We think that this would go to a possible *motive* for [the victim] herself actually taking the cash involved. Our next question was going to be to ask if she was under some requirement to pay restitution and a probation fee and if, in fact, on several occasions bench warrants have been issued for this failure of her to pay these amounts." (Emphasis supplied.) Appellant also asserted the additional ground of bias for its exploration of the terms of probation

maintaining that as the victim was under some probation requirements "she probably feels [she has] to testify favorably for the State because there is some control the State has over her probation disposition." The trial court sustained the objection thereby limiting the scope of cross-examination.

Appellant's right to a thorough and sifting cross-examination of witnesses called against him is without question in this state. OCGA § 24-9-64. However, scope of cross-examination is not unlimited but rests largely within the discretion of the trial court, and exercise of this discretion will not be disturbed on appeal unless it has been abused. *Moore v. State*, 251 Ga. 499, 501 (2a) (307 SE2d 476). A trial court may restrict the scope of cross-examination if the inquiry is not relevant or material to issues being tried. *Fletcher v. State*, 197 Ga. App. 112 (1) (397 SE2d 605).

The jury received, inter alia, testimonial evidence of the victim's probation status and that the victim had entered pleas of guilty to several different cases of bad checks.

On appeal the burden is on appellant to prove error which harms him. *Robinson v. State*, 229 Ga. 14, 15 (189 SE2d 53); *Griffin v. State*, 194 Ga. App. 624 (2) (391 SE2d 675). Under the attendant circumstances, appellant has not met his burden.

In view of the above, we find the trial court did not abuse its discretion in limiting the scope of appellant's cross-examination of the alleged crime victim.

4. Appellant asserts the trial court erred in allowing the State to impeach its own witness.

The record establishes an alibi witness testified for the defense. The State cross-examined the alibi witness but made no attempt to impeach her by showing prior inconsistent statements, bias, or interest (prejudice). Thereafter, both the defense and the State announced on the record that the witness could be excused. The next day the State recalled the same witness, after the defense rested, and attacked the witness' credibility with claims of prejudice toward the police department and law enforcement officers in general.

*Murray v. State*, 203 Ga. App. 858 (418 SE2d 624); *Gielow v. Strickland*, 185 Ga. App. 85, 87 (2) (363 SE2d 278); and *Hood v. State*, 179 Ga. App. 387, 389 (1) (346 SE2d 867) are factually distinguishable from the issue presented in this case.

In *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717), it was held "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." See also *Ranger v. State*, 249 Ga. 315, 318 (290 SE2d 63). Moreover, the trial court did not abuse its discretion in allowing such procedure when the purpose was to expose a potential bias of the witness. See OCGA §

24-9-68.

5. Appellant asserts the trial court erred in not allowing testimony about a prior false allegation of rape made by the victim. The trial court did not make a ruling regarding the admissibility of this evidence, but denied a defense motion made during the commencement of trial for a continuance. The trial court, however, expressly informed appellant the motion could be renewed later in the trial. Appellant cites this court to no page in the record where any renewal of the continuance motion was made, and it is not the function of an appellate court to cull a trial record in search of error. *Talley v. State*, 200 Ga. App. 442, 446 (4) (408 SE2d 463). The resolution of a motion for continuance for additional time to prepare a defense rests in the trial court's discretion. *Babb v. State*, 157 Ga. App. 757 (278 SE2d 495). The record fails to establish such an abuse in this instance.

Moreover, although the trial judge initially indicated, when asked if he would allow the victim to be cross-examined ("questioned") regarding the incident, that "I don't think so," he subsequently agreed, after hearing further argument from appellant's counsel that he "would think so too" that the defense should be allowed to ask the victim anything that goes to her reliability. Thus, the record fails to show affirmatively that appellant was precluded from not inquiring into this matter during the victim's cross-examination. Appellant fails to cite this court to any place in the record where an attempt was thereafter made by appellant to question the victim over this matter. *Talley*, supra. Furthermore, appellant cannot complain of a ruling that his own procedure or conduct aided in causing. *Hollis v. State*, 191 Ga. App. 525, 528 (5) (382 SE2d 145). Accordingly, we find that the error, as enumerated, is without merit.

6. Appellant alleges the trial court erred by denying appellant's motion for mistrial based on the State's alleged improper arguments during closing. Appellant asserts four instances where the State's argument should have mandated mistrial. We disagree.

First, the State stated, "if somebody broke into your house and raped you. . . ." Following an unreported bench conference, the trial court gave a curative instruction to the jury that they must disregard and could not consider the remark during deliberation. Appellant moved for a mistrial upon completion of appellee's argument asserting, as a basis therefor, the additional three matters asserted on appeal in support of this enumeration. The first statement attributed to the State is contained in the record of trial, and it has been reviewed. We are satisfied that any possibility of prejudicial error was negated by the timely curative instruction of the trial court. A trial court is vested with broad and sound discretion in the correction of improper or inflammatory argument; the trial court's election to give the jury a

curative instruction will not be disturbed on appeal absent an abuse of discretion, which will not arise if the curative instruction given can serve to prevent any prejudicial impact. *Allen v. State*, 259 Ga. 303 (2) (379 SE2d 513). We are satisfied the curative instruction given served to prevent any prejudicial impact by the statement at issue.

We cannot review the remaining three claims of erroneous argument, and in particular the total context in which such statements were made, as that portion of the State's argument has not been transcribed. Absent a complete transcript, this court can only presume the trial was conducted in a regular and proper manner. *Powell v. State*, 198 Ga. App. 509, 512 (2) (402 SE2d 108).

Moreover, the record discloses that the motion for mistrial was not timely made when the impropriety occurred. In such instances, the proper test for reversible error is not whether the argument was objectionable, or even if it might have contributed to the verdict; the test is whether the improper argument in reasonable probability changed the result of trial. *Todd v. State*, 261 Ga. 766, 767 (2a) (410 SE2d 725); accord *Tharpe v. State*, 262 Ga. 110, 113 (16) (416 SE2d 78). Examining the remarks of the trial court and of counsel and recounting in the record what was believed by them to have been stated during closing argument, we cannot conclude and do not conclude that there exists any reasonable probability that the alleged improper argument changed the result of trial.

We find that none of appellant's contentions in support of his various enumerations of error is adequate to require case reversal.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED DECEMBER 1, 1992 —
RECONSIDERATION DENIED DECEMBER 14, 1992

*Angela M. Coggins, Terry T. Everett*, for appellant.
*Edward D. Lukemire, District Attorney, A. Robert Tawse, Jr., Assistant District Attorney*, for appellee.