A93A0385. SELF v. THE STATE.

(431 SE2d 126)

ANDREWS, Judge.

Steve Self appeals his conviction by a jury on the charge of sexually molesting his 13-year-old daughter by fondling the child's breasts and buttocks. OCGA § 16-6-4 (a).

At trial, Self denied the allegations, and the child testified that

she fabricated the allegations to retaliate against her father for refusing to allow her to see her 19-year-old boyfriend. A Department of Family & Children Services caseworker testified that the child told her on two occasions that Self had committed the alleged acts of molestation, and described the acts in detail. The caseworker further testified, based on her experience and training, that the child's behavior, and subsequent denial that the molestation had occurred, was consistent with elements of the child abuse accommodation syndrome, including the characteristic behavior of succumbing to various pressures to recant the allegations. See *Rolader v. State*, 202 Ga. App. 134, 141-142 (413 SE2d 752) (1991); *Hall v. State*, 196 Ga. App. 523, 524-526 (396 SE2d 271) (1990); *Kelly v. State*, 197 Ga. App. 811, 814-815 (399 SE2d 568) (1990). As similar transaction evidence, the State also introduced testimony showing Self had previously fondled the breasts and vagina of a 14-year-old victim, and forced her to have intercourse, and fondled the breasts of a 13-year-old victim.

1. Self's sole argument on appeal with respect to introduction of the similar transaction evidence is that the prior occurrences were not sufficiently similar so that they tended to prove the charged offense. See *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991). First, Self failed to raise this objection in the trial court, so there is no basis for considering it on appeal. *Annison v. State*, 206 Ga. App. 861 (427 SE2d 5) (1993). Secondly, this objection would have had no merit even if it had been raised below. The evidence showed Self had on prior occasions similarly abused victims of the same sex and approximate age. "In a child molestation case, the sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible." (Citations and punctuation omitted.) *Rash v. State*, 207 Ga. App. 585, 586 (428 SE2d 799) (1993).

2. Since the prior acts were sufficiently similar, the trial court ruled correctly to admit this evidence, and to deny Self's motion for a new trial claiming he was denied effective assistance when his trial counsel failed to object that the prior acts were dissimilar. *Abreu v. State*, 206 Ga. App. 361, 362-363 (425 SE2d 331) (1992); *Brinson v. State*, 191 Ga. App. 151, 155 (381 SE2d 292) (1989).

3. "Although the evidence was in conflict and depends largely on . . . [an assessment of the victim's credibility and other testimony regarding the child abuse accommodation syndrome], the credibility of witnesses and the resolution of such conflicts are for the jury. On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to that verdict." (Citations and punctuation omitted.) *Hall v. State*, 201 Ga. App. 626 (411 SE2d 777) (1991); *Daniel v. State*, 200 Ga. App. 79, 80 (406 SE2d 806) (1991). The evidence was sufficient for a rational trier of fact to find Self guilty of the charged

offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 5, 1993.

*Kenneth D. Kondritzer*, for appellant.
*C. David Turk III, District Attorney*, for appellee.