### A93A1938. MURPHY v. THE STATE.
(442 SE2d 2)

Johnson, Judge.

Marty Murphy appeals from his convictions of armed robbery, kidnapping, and aggravated assault and the denial of his motion for a new trial.

1. Murphy contends that the trial court erred in admitting evidence of his prior armed robbery conviction as a similar transaction. "Before evidence of similar offenses is admissible, two criteria must be met. First, it must be shown that appellant was the perpetrator of the similar offenses, and second, there must be sufficient similarity or connection between the independent crimes and the offense charged that proof of the former tends to prove the latter." (Citations and punctuation omitted.) *Watkins v. State*, 206 Ga. App. 701, 703 (1) (b)

(426 SE2d 238) (1992). Murphy pled guilty to, and does not dispute that he was the perpetrator of, the earlier offense. He contends, however, that there is not sufficient similarity between the earlier offense and the offenses presently at issue. We disagree. In both cases, two or more people were involved in the planning and execution of the armed robberies. The perpetrators in both cases were similarly dressed and in both cases threatened the victims, managers of small grocery stores, with guns. In both cases, the offenders fled on foot to cars parked on or near athletic fields. Both armed robberies occurred during the early morning hours. While some differences between the two armed robberies exist, there is no requirement that the transactions be identical in every aspect. *Everhart v. State*, 209 Ga. App. 82 (1) (432 SE2d 670) (1993). The crimes were sufficiently similar that proof of the earlier crime tended to prove the offenses charged. Evidence of the prior armed robbery was properly admitted.

2. Murphy argues that his convictions are not authorized by the evidence because the State presented only the uncorroborated testimony of two accomplices that Murphy participated in the charged offenses. "The requirement of corroborating evidence to support the testimony of an accomplice does not apply where the evidence is supplied by the testimony of more than one accomplice." (Citation omitted.) *Belcher v. State*, 207 Ga. App. 117, 118 (2) (427 SE2d 88) (1993). Moreover, we find that the evidence as a whole did supply sufficient corroboration of the statements of the accomplices from which a rational jury could find, beyond a reasonable doubt, that Murphy was a party to the crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Murphy claims that the trial court erred in denying his motion for a continuance so that a transcript of the first trial of this case, which ended in a mistrial, could be prepared. The court declared a mistrial on September 30, 1992, when the jury in the first trial of this case was unable to reach a verdict. The case was again called for trial on November 16, 1992. Murphy's attorney did not request a transcript of the first trial until November 6, 1992. In order to justify a claim that the trial court abused its discretion in denying the continuance, Murphy's counsel is required to show that he exercised due diligence in requesting a transcript. *Annison v. State*, 206 Ga. App. 861, 863 (5) (427 SE2d 5) (1992). He has not made such a showing, especially in light of the fact that he waited for over a month after the first trial ended before attempting to obtain a transcript. One cannot complain of a ruling that his or her own procedure or conduct aided in causing. *Bogan v. State*, 206 Ga. App. 696, 700 (5) (426 SE2d 392) (1992). Further, Murphy has not shown how the lack of additional time harmed him. *Davis v. State*, 190 Ga. App. 178, 179 (378 SE2d 519) (1989). "Whether to grant a continuance is a matter committed

to the sound legal discretion of the trial court (OCGA § 17-8-22), and the trial court's decision will not be disturbed on appeal unless clearly abused." (Citation omitted.) *Annison*, supra at 863 (5). We find no abuse of discretion.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 1, 1994 —
RECONSIDERATION DISMISSED FEBRUARY 23, 1994.

*L. Elizabeth Lane*, for appellant.

*Willis B. Sparks III, District Attorney, Graham A. Thorpe, Assistant District Attorney*, for appellee.