## A93A1336. SHELL v. THE STATE.
### (436 SE2d 12)

BIRDSONG, Presiding Judge.

Jeremy Shell appeals his conviction for possession of cocaine with intent to distribute. He contends the trial court erred in denying his motion in limine to exclude a similar transaction as there was no notice of intent pursuant to Superior Court Rules 31.1 and 31.3 and because the similar transaction was not similar to the charged offense; and erred in denying his motion for directed verdict in that the verdict was contrary to the evidence. *Held*:

1. The "similar transaction" evidence that appellant says was erroneously admitted was not "similar transaction" evidence, but was part of the offense charged.

This evidence showed that on September 26, 1991, an undercover officer drove to appellant's residence in LaGrange, Georgia, and was approached by an unidentified person who asked what she wanted. She told him she wanted a "twenty," or $20 worth of cocaine. The unidentified male, who was evidently the go-between, approached appellant, whom the officer identified at trial. Appellant handed the go-between what appeared to be a rock of crack cocaine. The go-between was returning to the officer when, for some reason, appellant stopped him and told him not to make the sale. Appellant then demanded the undercover officer leave his property and threatened to break out the windows of her car if she did not. Based on this incident, the next day officers executed a search warrant at appellant's house. Appellant was not present, but police seized approximately 20 plastic bags of crack cocaine. Appellant was later taken into custody, and, after being given a *Miranda* warning, he admitted he had been in the yard of his house the night the undercover officer was there, and that he did order the go-between not to sell the crack cocaine to the undercover officer.

As the September 26 incident was part of the charged offense and

was the basis of the search warrant, it was not a "similar transaction" of which notice was required to be given. It was evidence of the crime charged, which was possession of cocaine by appellant with intent to distribute. Appellant's contention that this incident was not sufficiently "similar" to the charged offense to be admissible as a similar transaction is without merit, as it was part of the transaction which was the basis of the offense. *Baker v. State*, 193 Ga. App. 498 (388 SE2d 402) is inapposite, for it involved evidence of a similar transaction which was not the transaction itself.

2. Appellant was not entitled to a directed verdict, nor was the evidence insufficient to support the verdict. The evidence was sufficient to prove appellant possessed the cocaine found in his house, with intent to distribute. It was not essential to this charge that a consummated sale be proved.

That appellant was not at home when the search warrant was executed and that other persons may have had access to the location of the cocaine, do not invalidate the verdict, since appellant was identified as the person who gave what appeared to be rock cocaine to the go-between to sell to the undercover officer. Viewing the evidence in favor of the verdict on appeal, we find the evidence sufficient to enable a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 5, 1993 —
RECONSIDERATION DENIED SEPTEMBER 24, 1993 ▌

*Jack F. Witcher, Maryellen S. Mitchell*, for appellant.
*Peter J. Skandalakis, District Attorney, Jeffery W. Hunt, Assistant District Attorney*, for appellee.