A93A0768. REED v. THE STATE.
(431 SE2d 419)

BEASLEY, Presiding Judge.

Reed appeals from the denial of his motion for new trial and from the judgment of conviction and sentence entered for selling methamphetamine in violation of OCGA § 16-13-30 (b). He enumerates as error the introduction of similar transaction evidence in the absence of notice under USCR 31.1 and 31.3. We affirm.

The transcript shows that appellant manufactured methamphetamine in the kitchen of his home and sold a quantity of the drugs to an undercover agent. The State advised the court outside the

presence of the jury of its intention to introduce evidence that minutes before the sale was consummated, the undercover agent observed appellant inject himself with some of the drug. It sought to introduce the evidence as part of the res gestae of the crime, acknowledging that it had not provided notice of this conduct as a similar transaction under USCR 31.3. Appellant objected to the failure to provide the requisite pre-trial notice. The court ruled the evidence admissible, not as a similar transaction, but as part of the res gestae of the charged offense, and offered to so instruct the jury upon request.

Appellant's former wife testified before the jury that she was present while the undercover purchase took place and she observed appellant inject himself with drugs. No objection was asserted. The undercover officer testified that she also observed appellant inject himself on that occasion, assisted by his wife. This occurred just prior to concluding the undercover sale. Appellant renewed his previous objection but declined the court's offer to give limiting instructions. Instead, he requested that the jury be instructed in this regard at the conclusion of the case, which was done as follows: "[T]he defendant is charged with the sale of methamphetamine and not with possession or the use of methamphetamine, and you should not consider testimony of that nature to convict him of the charges contained in the indictment, but it was admitted for your consideration only to show the surrounding circumstances of the offense charged." The jury charge is not challenged.

" 'Under Uniform Superior Court Rule 31.3 the (plaintiff) *must* give a defendant notice of its intent to present evidence of similar transactions or occurrences and seek the prior approval of the trial judge before presenting such evidence.' [Cit.]" *Baker v. State*, 193 Ga. App. 498, 499 (2) (388 SE2d 402) (1989). However, USCR 31.3 (E) provides in pertinent part: "Nothing in [USCR 31.3] is intended to prohibit the state from introducing evidence of similar transactions or occurrences which are . . . immediately related in time and place to the charge being tried, as part of a single, continuous transaction."

"When transactions involving other crimes and the alleged bad character of appellant are so connected in time and event as to be part of the same transaction as that for which the accused is being tried, they are admissible as a clear exception to the general rule of inadmissibility of other transactions." *Kennedy v. State*, 193 Ga. App. 784, 785 (1) (389 SE2d 350) (1989). Compare *Baker*, supra (where evidence of four meetings between defendant and an undercover drug agent, over a three-month period subsequent to the charged sale of drugs, was held inadmissible in the absence of notice under USCR 31.3); *Baptiste v. State*, 190 Ga. App. 451 (1) (379 SE2d 165) (1989) (in the absence of notice it was error, albeit harmless, to introduce evidence that defendant was a "source" of cocaine prior to

the incident for which he was arrested); *Davis v. State*, 260 Ga. 338 (393 SE2d 260) (1990) (where reversal was mandated because the trial court erroneously refused to instruct the jury to limit its consideration to the one purpose for which the evidence was admissible).

The evidence of appellant's use of the very drug he was charged with selling, contemporaneously with the sale, constituted part of a continuous course of conduct, closely connected in time and place so as to be admissible as part of the same transaction as that for which he was being tried. Moreover, the final charge contained a proper instruction as to the purpose for which the evidence could be considered.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 6, 1993.

*Albert C. Palmour, Jr.*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Grover W. Hudgins, Assistant District Attorney*, for appellee.