57 P.3d 814

STATE of Idaho, Plaintiff–Respondent,

v.

Rick E. JOHNSON, Defendant–Appellant.

No. 27038.

Court of Appeals of Idaho.

Oct. 29, 2002.

John M. Adams, Chief Kootenai County Public Defender, Coeur d'Alene, for appellant. John M. Adams argued.

Hon. Alan G. Lance, Attorney General; William M. Loomis, Deputy Attorney General, Boise, for respondent. William M. Loomis argued.

LANSING, Judge.

This is an appeal from a judgment of conviction entered after a jury found Rick E. Johnson guilty of two charges of petit theft. Johnson argues that the magistrate court erred by making a remark to the jury that undermined Johnson's intended response to the State's evidence of an alleged confession. He also argues that the magistrate erred by overruling Johnson's objection to the prosecutor's comment in closing argument that Johnson had presented no evidence to support his theory of defense.

## I.

### BACKGROUND

Johnson was charged with two counts of petit theft for allegedly stealing fabric softener from a store in Coeur d'Alene, Idaho, on January 8, 1999, and stealing a headlight from the same store on the following day. According to a store employee and the arresting police officer, Johnson made incriminating statements when he was apprehended.

Johnson's native language is German, and at the outset of his trial, an interpreter was present, conducting a verbatim translation of the proceedings for Johnson. During juror voir dire, both the prosecutor and defense counsel signaled that Johnson's language proficiency would be a significant issue in the trial, for they questioned the jurors about their experiences dealing with persons for whom English is a second language. During a recess before the presentation of evidence began, the magistrate spoke privately with the interpreter and with a district judge who had previously taken a guilty plea from Johnson, asking their perceptions of Johnson's ability to understand English. Based on these discussions, the magistrate concluded that a verbatim translation of all the proceedings was unnecessary. The magistrate informed counsel that Johnson would instead be allowed to ask the interpreter for a translation if there were particular statements he did not understand. Johnson objected to this decision.

After the jury returned to the courtroom, the magistrate informed the jury that a verbatim translation would no longer be conducted:

> After the court, after viewing some evidence, talking to other individuals, including the interpreter, has come to the conclusion that a verbatim transcript—or a verbatim translation of these proceedings is not necessary. That Mr. Johnson understands English sufficient, that assistance of an interpreter is necessary, but not a verbatim translation of these proceedings. I've instructed Mr. Johnson that if he doesn't understand a particular word or phrase he can certainly ask the interpreter for that. Other than that, we're going to proceed without a verbatim translation.

During her opening statement, counsel for Johnson told the jury that the case was about "mistaken communications" arising from English not being Johnson's native language.

The State presented two witnesses. The first was Larry Banks, a loss prevention manager for the store. Banks testified that

on January 8, 1999, he saw Johnson steal clothing softener but did not stop Johnson on this occasion because the stolen item was inexpensive and Banks's time was better served elsewhere. Banks said that the next day he saw Johnson again enter the store. This time, Johnson walked out with a headlight for which he had not paid. Banks stopped Johnson and brought him back into the store. A police officer then arrived and questioned Johnson. Banks testified that during the officer's questioning, Johnson explained that he took the headlight because he did not have any money and also admitted to the theft of the clothing softener the day before. Banks said that Johnson had no difficulty communicating in English.

After the State concluded its direct examination of Banks, Johnson moved for a mistrial due to the magistrate's earlier comment to the jury regarding Johnson's English language skills. The magistrate denied the motion.

The State's second witness was the police officer who had arrested Johnson. He testified that when he questioned Johnson at the store, Johnson understood English. The officer said that Johnson admitted taking the headlight out of the store without paying for it but asserted that he was taking the headlight to his car to see if it would fit the vehicle.

After the State rested its case, counsel for Johnson asked to address the court outside the presence of the jury. Johnson's counsel informed the magistrate that Johnson would not be testifying, but would make an offer of proof. Johnson's counsel stated that one reason Johnson would not testify was because the magistrate had expressed an opinion to the jury regarding Johnson's proficiency in the English language. According to the offer of proof, Johnson had been in this country for about two months at the time of his arrest and would have testified that on that date, he did not understand English well and did not intentionally or knowingly make the admissions to which Banks and the police officer testified. The prosecutor then indicated that the State had a rebuttal witness who would have testified that Johnson did not have a problem communicating in English. The magistrate responded, "Well, I think the record's pretty clear as to Mr.

Johnson's ability to understand English." Johnson did not present any evidence in his defense.

During closing argument, Johnson's counsel argued, "There's more to this case than meets the eye." In rebuttal argument, the prosecutor responded, "Defense counsel says there's more to this case. There's no evidence that defense counsel has given you." Johnson objected to this statement on the ground that the statement was an improper comment on his exercise of the privilege against self-incrimination. The objection was overruled.

The jury thereafter found Johnson guilty of both counts of petit theft. Johnson appealed to the district court, which affirmed the judgment of conviction. He now appeals to this Court. He asserts error in the denial of his motion for a mistrial and in the ruling on his objection to the prosecutor's comment in closing argument.

## II.

## DISCUSSION

### A. Motion for Mistrial

Johnson argues that the magistrate court should have granted his motion for a mistrial because he was prejudiced by the court's communication to the jury that Johnson had a sufficient understanding of English so that a verbatim translation was unnecessary. Johnson argues that, as indicated in his offer of proof to the magistrate, he had intended to rebut the State's assertion that he admitted to the thefts by presenting his own testimony that he had difficulty communicating in English, that his statements had been misinterpreted by the officer and store employee, and that he had not knowingly made the admissions to which they testified. Once the magistrate informed the jury of his own view that Johnson possessed a good command of English, Johnson argues, it would have been futile for him to present this defense for, in the eyes of the jury, it would already have been rejected by the magistrate.

■ We begin our analysis of this claim of error by noting our standard of review. Idaho Criminal Rule 29.1(a) authorizes the dec-

laration of a mistrial on the defendant's motion "when there occurs during the trial an error or legal defect in the proceedings ... which is prejudicial to the defendant and deprives the defendant of a fair trial." When we review an order denying a mistrial motion, the question for our consideration is not whether the trial court reasonably exercised its discretion under the circumstances existing when the motion was made. Rather, we examine whether the event that brought about the motion for mistrial constitutes reversible error when viewed in the context of the entire record. *State v. Atkinson*, 124 Idaho 816, 818, 864 P.2d 654, 656 (Ct.App. 1993); *State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct.App.1983).

The Idaho Supreme Court has advised that "[r]emarks or comments by a trial judge which would tend to prejudice either of the parties to a jury trial are proscribed because of the great possibility that such an expression will influence the jurors." *State v. White*, 97 Idaho 708, 711, 551 P.2d 1344, 1347 (1976). A judge's remark will be deemed prejudicial if it constitutes a comment on the weight of the evidence or indicates an opinion of the court as to the defendant's guilt or innocence. *Id.* at 712, 551 P.2d at 1348. In *White*, the complaining witness in a kidnapping prosecution was asked by defense counsel about her opportunity to drive away while she was sitting in the driver's seat of her car with the keys, while the defendant was out of the car and the door on his side locked. The trial court sustained the State's objection to the question, explaining, "I don't think there is any evidence she had an opportunity to drive away. I don't know anything about cars. Some of them you can—you have to lock them with the keys, and one thing and another. I can't say." *Id.* at 711, 551 P.2d at 1347. On appeal, the court held, "The statement went beyond the bounds of mere elucidation; the statement constituted expression of opinion about the evidence in the presence of the jury." Because the remark undermined the defense theory that the complaining witness willingly allowed the defendant to accompany her, it was held to be prejudicial error. *Id.* at 711–12, 551 P.2d at 1347–48.

Similarly, a judicial comment was deemed reversible error in *State v. Ward*, 51 Idaho 68, 1 P.2d 620 (1931). In that case, the defendant, charged with murder in the first degree, claimed to have acted in self-defense and had produced evidence that the deceased was quarrelsome and dangerous. Some of the State's rebuttal witnesses testified that they had never heard the deceased's reputation questioned. The defendant objected and moved to strike the testimony on the ground that the witnesses were not qualified to testify regarding the deceased's reputation. The trial court responded: "The court will deny your motion and instruct the jury that the best character in the world is the fact that no one has discussed it." When defense counsel excepted to the court's ruling, the court continued: "All right; that his reputation has never been discussed is the best evidence in the world of a good character." *Id.* at 76, 1 P.2d at 623. On appeal, the Idaho Supreme Court held that the statement was a comment on the weight of the evidence and vacated the judgment of conviction because the statement impaired the defense theory that the defendant acted in self-defense. *Id.*, 51 Idaho at 77–79, 1 P.2d at 623–24.

On the other hand, it is permissible for a trial court to give the jury a clarifying explanation of a ruling or of a procedural matter arising during the trial if the explanation does not constitute a comment on the weight of the evidence or indicate the court's view on the merits of the case. *State v. Boman*, 123 Idaho 947, 951, 854 P.2d 290, 294 (Ct.App.1993).

In the present case, the magistrate's statement regarding Johnson's proficiency in English was for the purpose of explaining to the jury why the interpreter who had been providing a verbatim translation of the proceedings up to that point would no longer be doing so. In many cases, this would constitute a perfectly acceptable and harmless remark. In the circumstances of the present case, however, we conclude that it was prejudicial error because Johnson's English proficiency was at issue in the trial. The parties' questioning of jurors during voir dire, which occurred prior to the magistrate's remarks, disclosed that Johnson's ability to communicate in English was significant to the case. Later, both of the State's witnesses testified as to Johnson's English proficiency, and dur-

ing Johnson's offer of proof, his counsel informed the court that Johnson had intended to testify that his alleged admission was a product of language difficulties. Consequently, the court's explanation of its decision not to continue with a verbatim translation went beyond a mere explanation to the jury of a change in courtroom procedure and directly undermined Johnson's defense. It might be argued that the magistrate's statement was not a comment on the "evidence" because at the time it was made, no evidence had yet been presented. Nevertheless, the statement was in effect a preemptive rejection of the defendant's planned testimony, and it effectively prevented Johnson from testifying about his alleged language barrier and discouraged him from testifying at all.

At the time the comment was made, the magistrate may not have fully appreciated that Johnson's competence in the use of English would be a significant issue at trial, and therefore may not have understood that his comments could be prejudicial. Indeed, the harmful portions of the remark were unnecessary, and a more tailored explanation could have been given if its potential effect on Johnson's defense had been realized. By the time the State had concluded the presentation of Banks's testimony, however, and most certainly after Johnson's offer of proof, it was apparent that the explanation given to the jury had significantly prejudiced Johnson and that a mistrial should be declared. We conclude, therefore, that the denial of Johnson's motion for a mistrial was error and that a new trial is necessary.[1]

1. Johnson has also argued that the magistrate's ex parte communications with the interpreter and the district judge regarding Johnson's English language skills were improper. Because we have determined that the magistrate's remark

## B. Prosecutorial Comment

Johnson also argues that the prosecutor's statement during closing argument that Johnson had produced no evidence to support his claim that "there's more to this case than meets the eye," violated Johnson's privilege against self-incrimination. He contends that the magistrate court therefore should have sustained Johnson's objection to the statement. This contention is without merit. A prosecutor's argument that the State's evidence is unrebutted does not constitute an impermissible reference to the defendant's failure to testify. *State v. Rawlings*, 121 Idaho 930, 934–35, 829 P.2d 520, 524–25 (1992). Therefore, the magistrate properly overruled Johnson's objection.

## III.

## CONCLUSION

Because the magistrate's remark regarding Johnson's English proficiency constituted a prejudicial comment on the evidence under the circumstances presented here, Johnson is entitled to a new trial. We therefore vacate the judgment of conviction and remand the matter to the magistrate court for further proceedings.

Chief Judge PERRY and Judge GUTIERREZ concur.

to the jury constitutes reversible error, we need not address the propriety of his independent investigation of Johnson's language proficiency.