A03A0686. CARGILE v. THE STATE.
(582 SE2d 473)

BARNES, Judge.

Michael Cargile was tried for possession of marijuana with the intent to distribute and for possession of marijuana. A jury acquitted him of the first count but convicted him of the second, and he was sentenced to serve six months of a twelve-month sentence. He appeals, contending the evidence was insufficient. He also contends that the trial court erred in admitting hearsay testimony and evidence of a urine test. For the reasons that follow, we affirm.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in that light, the evidence at trial established that an Upson County deputy sheriff working with a narcotics task force received a tip that led him to investigate Cargile. No one was home when the sheriff went to Cargile's house, but Cargile's 25-year-old son, who lived with his parents, soon arrived. After some conversation, the son took the agent to his bedroom and handed him a small box containing what was later determined to be three grams of marijuana.

The sheriff left two agents at the house and returned to the task force office to obtain a search warrant for the house. Before he tried to get a warrant, he called Cargile's wife, told her he had found marijuana in her son's bedroom, and asked her for permission to search the rest of the house. The wife agreed to meet the sheriff at the house, and when she did so, she consented to a search. The officer found a plastic box with what appeared to be marijuana seeds and stems in the bedside table of the master bedroom and a film canister with marijuana residue inside.

The sheriff then called Cargile's workplace and left a message asking him to stop by the office on his way home from work. After he arrived and the officer read him his *Miranda* rights, Cargile signed a waiver and told the officer that the marijuana was not his, but he had taken it from his son. Cargile also voluntarily gave a urine sample, which he told the sheriff would be "dirty" because he had smoked a joint with his son the night before.

The film canister containing residue was not sent for testing. At trial, a drug identification chemist with the Georgia Bureau of Investigation testified that she tested the material from the box in the son's room, which contained 3.1 grams of marijuana, but did not test the material from the box found in the master bedroom. While the expert testified that her experience told her that the substance in that box was marijuana seeds and stems, she could not say with any certainty that the substance was marijuana and not, for example, pansy seeds and stems. A forensic toxicologist testified that Cargile's urine tested positive for marijuana metabolites, which indicated that he had smoked marijuana within three to six hours before the test.

1. The State's expert could not testify beyond a reasonable doubt that the substance found in Cargile's bedroom was marijuana, and no scientifically conclusive evidence was presented to identify the substance. Therefore, this evidence was insufficient to sustain Cargile's conviction for marijuana possession. *Adkinson v. State*, 236 Ga. App. 270, 271 (1) (a) (511 SE2d 527) (1999). The State did produce scientifically conclusive evidence, however, through the testimony of a forensic toxicologist, that Cargile had metabolites of marijuana in his urine, which constitutes circumstantial evidence that he possessed marijuana. *Green v. State*, 260 Ga. 625, 626 (1) (398 SE2d 360) (1990). We conclude that this evidence was sufficient for a rational trier of fact to find Cargile guilty beyond a reasonable doubt of marijuana possession. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Cargile argues that the trial court erred in admitting hearsay evidence concerning what his wife, who invoked her marital privilege not to testify against him, said to the officers. Before trial, Cargile's wife was sworn and stated her intention to invoke her marital privi-

lege if the State called her to testify. The State indicated its intention to seek admission of her hearsay statements to the investigating officers because she made herself unavailable and "because there are indicia of reliability where we can get them in."

When the issue first arose in trial, Cargile objected to the officer's testimony about what his wife said. The trial court overruled the objection, holding that the State had met the three requirements of showing necessity, and thus admitted the testimony under an exception to the hearsay rule.

The sheriff then testified that, when they met her at the house, Cargile's wife said she was having problems with her husband smoking pot in the house and she wanted it gone. The officer also testified that the wife gave a written statement saying that the marijuana was her husband's, not hers, and told the deputy sheriff that "she was tired of what was going on there."

The deputy's testimony as to what Cargile's wife said was hearsay, the admission of which is limited to specified cases of necessity. OCGA § 24-3-1 (b); *McKissick v. State*, 263 Ga. 188, 189 (3) (429 SE2d 655) (1993). To admit hearsay because of necessity, the trial court must find that the hearsay is (1) necessary and (2) trustworthy. *Clark v. State*, 271 Ga. 6, 9-10 (5) (515 SE2d 155) (1999). A statement is necessary because the declarant is unavailable for whatever reason, and also because it is relevant to a material fact and "more probative on that material fact than other evidence that may be procured and offered. [Cit.]" (Punctuation omitted.) Id. at 10. Once the trial court has determined necessity, it must then consider whether the statement is "surrounded by particularized guarantees of trustworthiness." (Punctuation omitted.) Id.

In this case, the declarant was unavailable, having invoked her marital privilege. Pretermitting whether the trial court made the requisite additional findings of relevancy, probity, and trustworthiness concerning her hearsay statements about ownership of the seeds and stems found in the master bedroom, we find no error because evidence regarding Cargile's urinalysis was sufficient to affirm his conviction for possession.

3. Cargile contends the trial court erred in admitting evidence of his positive urinalysis, arguing that it constituted a similar transaction for which the State failed to give notice pursuant to Uniform Superior Court Rule 31.1. While the State argues that Cargile waived his right to argue this issue on appeal by failing to object when the testimony was offered, the record shows that Cargile apparently attempted to make the objection on the record outside of the jury's presence. Per the trial court's direction, Cargile made the objection instead at a bench conference that was not recorded by the reporter, and then renewed the objection for the record before the

jury returned from a lunch break. Therefore, we will consider the merits of the issue.

While Cargile argued that, because the lab technician testified that the marijuana metabolites would only remain within a person's urine for three to six hours, the urinalysis evidence was not part of the transaction that the State alleged. The State argues that the urine sample was given on the same day that Cargile said his urine would be "dirty" because he had smoked marijuana the night before, and the same day that the alleged marijuana was found in his home, making the sample part of the same transaction.

> When transactions involving other crimes and the alleged bad character of appellant are so connected in time and event as to be part of the same transaction as that for which the accused is being tried, they are admissible as a clear exception to the general rule of inadmissibility of other transactions. The allegedly separate events are admissible in evidence when they are part of a continuous course of conduct, closely connected in time, place and manner of commission.

(Citations omitted.) *Kennedy v. State*, 193 Ga. App. 784, 785-786 (1) (389 SE2d 350) (1989). The trial court did not err in allowing evidence of the urinalysis results to be admitted. *Reed v. State*, 208 Ga. App. 612, 613 (431 SE2d 419) (1993).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED APRIL 24, 2003 —
RECONSIDERATION DENIED MAY 20, 2003 — 

*Mark T. Sallee*, for appellant.
*William T. McBroom III, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.