## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

STATE OF IDAHO,

Plaintiff-Respondent,

v.

SHAMI YAKOVAC,

Defendant-Appellant.

SHAMI LYNN YAKOVAC,

Petitioner-Appellant,

v.

STATE OF IDAHO,

Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Docket No. 31505

Docket No. 32033

2006 Opinion No. 77

Filed: November 3, 2006

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. N. Randy Smith, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>; order summarily dismissing application for post-conviction relief, <u>affirmed</u> <u>in</u> <u>part</u>, <u>reversed</u> <u>in</u> <u>part</u>, and <u>remanded</u>.

Stephen A. Meikle, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

PERRY, Chief Judge

Shami Yakovac appeals from her judgment of conviction for possession of a controlled substance and from an order summarily dismissing her application for post-conviction relief. For the reasons set forth below, we affirm Yakovac's judgment of conviction and affirm in part, reverse in part, and remand the order summarily dismissing her application for post-conviction relief.

1

## I.

## FACTS AND PROCEDURE

On February 20, 2004, police officers responded to a report of a physical confrontation and, after the officers arrived, Yakovac waved them down from a pickup she was driving. Yakovac had a cut above her forehead, which had bled substantially. The officers soon learned that Yakovac had two outstanding warrants for her arrest. The officers took Yakovac into custody, and an officer transported Yakovac to the hospital for treatment. A urinalysis conducted on Yakovac at the hospital, per the request of her probation officer, indicated the use of methamphetamine, cocaine, and marijuana. Meanwhile, another officer searched the pickup Yakovac had been driving and, in the pocket of Yakovac's jacket lying on the front seat, found a cigarette package containing a small spatula and a glass pipe with a burnt, white residue. The forensic laboratory subsequently determined that the residue in the pipe was methamphetamine, and Yakovac was charged with possession of methamphetamine. I.C. § 37-2732(c)(1).

Prior to trial, Yakovac's counsel filed a motion to suppress the results of her urinalysis that indicated she had used cocaine and marijuana, but did not object to the admission of the positive methamphetamine result. At trial, the district court denied the motion, ruling that all of her urinalysis results were admissible. Yakovac's counsel thereafter stipulated to the admission of the positive result for methamphetamine.

A jury found Yakovac guilty. Yakovac filed an appeal from her judgment of conviction challenging admission of the urinalysis result and prejudicial comments by the district court. Yakovac also filed an application for post-conviction relief asserting ineffective assistance of counsel. The district court summarily dismissed the application for post-conviction relief. Yakovac filed an appeal from the summary dismissal of her application for post-conviction relief. Yakovac's actions have been consolidated for appeal.

## II.

## ANALYSIS

### A.    Direct Appeal

#### 1.    Admission of urinalysis

Yakovac argues that the urinalysis results indicating that she had methamphetamine, cocaine, and marijuana in her body on the date of her arrest were irrelevant and prejudicial in her prosecution for possession of a controlled substance under I.C. § 37-2732(c)(1). Relying on

2

I.R.E. 402, 403, and 404, Yakovac's trial counsel filed a motion to suppress the urinalysis results, but only to the extent that they indicated use of cocaine and marijuana. At trial, the district court ruled that all of the urinalysis results were admissible. Yakovac's counsel thereafter stipulated to the positive result for methamphetamine, and the state's witness did not testify as to the results for cocaine and marijuana.

On appeal, Yakovac first appears to argue that her trial counsel was "forced" to stipulate to the positive methamphetamine result because of the district court's erroneous ruling that all of the results were admissible. However, Yakovac never objected to the relevance of the positive result for methamphetamine in the district court, even in the initial motion to supress, and we therefore need not address whether a party can be "forced" into stipulating to a positive urinalysis result. Additionally, because the positive urinalysis results for cocaine and marijuana were never admitted into evidence before the jury, we need not decide whether the district court erroneously ruled that positive results for those substances were admissible.

Yakovac argues that the positive urinalysis result for methamphetamine should not have been admitted into evidence even though her trial counsel stipulated to it. Because her trial counsel stipulated to it, there is no adverse evidentiary ruling on the admission of the positive urinalysis result for methamphetamine for us to review on appeal. Therefore, we decline to address the admissibility of the urinalysis result as part of Yakovac's direct appeal.

## 2. District court's comments

Yakovac argues that certain comments by the district court to the jury constituted prejudicial error in violation of the Due Process Clause of the United States Constitution. Yakovac argues that the district court prejudicially over emphasized the urinalysis by stating to the jury that it "may write down that the parties stipulated that methamphetamine was found in the urine test that was taken at the hospital. The parties have stipulated that methamphetamine was found in the defendant's urine test that was taken at the hospital." Yakovac also asserts that a comment by the district court at trial regarding the reason for an upcoming court recess constitutes error. The district court stated:

> Ladies and gentlemen, I have at three o'clock a drug court to conduct. First of all, I take -- I have a little session for a couple hours to discuss each one of the drug court participants, how they're doing and whether they're doing any good or not, whether we're going in the right direction. And then I have drug court and we'll be here until 8 or 9 tonight trying to take care of that matter. So I

3

always try to end here so that we can do that and then we can start early tomorrow morning.

Yakovac's trial counsel did not object to either of these comments at trial.

A judge's remark will be deemed prejudicial if it constitutes a comment on the weight of the evidence or indicates an opinion of the court as to the defendant's guilt or innocence. *State v. Johnson*, 138 Idaho 103, 106, 57 P.3d 814, 817 (Ct. App. 2002). When the defendant fails to object to judicial comment at trial, this Court will only reverse a conviction if the prejudicial comment constituted a fundamental error. *See State v. Lovelass*, 133 Idaho 160, 165, 983 P.2d 233, 238 (Ct. App. 1999).

Because Yakovac did not object to the district court's comments at trial, she must show that the district court's comments constituted fundamental error. Neither the statement on the stipulation to the urinalysis result nor the reason for the upcoming recess for drug court were comments on the weight of the evidence or Yakovac's guilt or innocence. Therefore, the comments did not constitute fundamental error by the district court, and we will not address them further.

## B.      Application for Post-Conviction Relief

Yakovac argues that the district court improperly dismissed her application for post-conviction relief. Yakovac asserts she was entitled to relief because of ineffective assistance of trial counsel.

An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. §

4

19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App. 1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct. App. 1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the nonmoving party. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. This Court has long

adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

### 1. Urinalysis result for methamphetamine

Yakovac argues that she is entitled to post-conviction relief because her trial counsel failed to properly object to the positive urinalysis result for methamphetamine. Yakovac's application for post-conviction relief and her response to the district court's notice of intent to dismiss her application only argued that her counsel should have objected to the relevance and prejudicial effect of the positive urinalysis result. On appeal, she argues that her counsel should have objected to the admission of the urinalysis as the product of an illegal interrogation under the Fifth Amendment to the United States Constitution, and also should have objected under I.R.E. 702, 703, and 901(b)(1). In her reply brief, she further asserts for the first time that her counsel should have objected to the admission of the urinalysis results as the product of an illegal search under the Fourth Amendment of the United States Constitution.

Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Grounds for post-conviction relief not asserted in the district court will not be addressed on appeal. *See Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1998). In the post-conviction proceedings before the district court, Yakovac did not raise the arguments that her counsel should have objected to the urinalysis results under the Fourth and Fifth Amendments to the United States Constitution. We therefore decline to address these issues on appeal of the summary dismissal of her application.[1] In contrast, Yakovac's application for post-conviction relief argued that "a

---

[1]     To the extent that Yakovac argues she can raise the Fourth and Fifth Amendment issues on direct appeal of her judgment of conviction, we note that a post-conviction proceeding is usually the only method to bring an ineffective assistance of counsel claim. *See State v. Hayes*, 138 Idaho 761, 766, 69 P.3d 181, 186 (Ct. App. 2003); *State v. Saxton*, 133 Idaho 546, 549-50, 989 P.2d 288, 291-92 (Ct. App. 1999). Even if we were to allow Yakovac to raise these issues for the first time on direct appeal, we would find them without merit. A person's urine is not testimony requiring a waiver of Fifth Amendment rights. *See Schmerber v. California*, 384 U.S. 757, 760-66 (1966). Additionally, the Fourth Amendment does not require consent for a urinalysis following a valid arrest of a person on probation like Yakovac. *See id.* at 766-72; *State v. Worthington*, 138 Idaho 470, 472-75, 65 P.3d 211, 213-16 (Ct. App. 2002).

controlled substance can remain in the body for a length of time and not necessarily be proof that someone possessed methamphetamine on a certain day." Although not very specific, Yakovac preserved for appeal the argument that her counsel should have objected to the relevance of her positive urinalysis result for methamphetamine under I.R.E. 702, 703, and 901(b)(1), which govern the admission of scientific evidence. We will therefore only address Yakovac's arguments that her counsel should have objected on grounds of relevance, prejudicial effect, and improper scientific foundation.

On appeal, Yakovac argues the positive result was irrelevant and prejudicial under I.R.E. 401, 402, and 403 because the urinalysis result does not prove possession. She argues that because methamphetamine can be detected in urine for weeks after use, its presence indicates past use, not possession on the date charged. Yakovac does not cite any authority for this proposition other than the rules of evidence. The state argues that a positive drug test is relevant to possession of a drug and relies on two Georgia cases where positive drug tests were admitted. *See Cargile v. State*, 582 S.E.2d 473, 475-76 (Ga. Ct. App. 2003); *Jones v. State*, 427 S.E.2d 40, 41 (Ga. Ct. App. 1993).

Under I.R.E 401, relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Relevant evidence is generally admissible. I.R.E. 402. However, one of the reasons for excluding relevant evidence is that its probative value is substantially outweighed by the danger of unfair prejudice. I.R.E. 403.

This Court has previously held that testimony by a defendant that he had used methamphetamine in the past was relevant to show specific intent to use drug paraphernalia to inject a controlled substance. *See State v. Williams*, 134 Idaho 590, 6 P.3d 840 (Ct. App. 2000). Unlike the specific intent crime addressed in *Williams*, possession of a controlled substance in violation of I.C. § 37-2732(c)(1) is a general intent crime only requiring knowledge that the person is in possession of the substance, whether it be marijuana, cocaine, or another controlled substance. *See State v. Blake*, 133 Idaho 237, 240-42, 985 P.2d 117, 120-22 (1999); *State v. Fox*, 124 Idaho 924, 925-26, 866 P.2d 181, 182-83 (1993).

The Idaho Supreme Court has held that testimony, offered by the defendant, that indicated the defendant did not know the substance he possessed was methamphetamine was relevant to negate the general intent element in I.C. § 37-2732(c)(1). *See State v. Lamphere*, 130

7

Idaho 630, 632-33, 945 P.2d 1, 3-4 (1997). While some courts have held that evidence of drug use close-in-time to the date on which the defendant is charged with possessing a drug is relevant to prove the defendant possessed the drug, courts disagree on the question of whether evidence of recent drug use, standing alone without additional direct or circumstantial evidence of possession, is sufficient to convict of knowing possession. In *Cargile*, the Georgia court held that a positive drug test for marijuana was sufficient evidence for a conviction of possession of marijuana when the state could not establish with testimony or scientific evidence that a substance found in the defendant's possession was marijuana. *Cargile*, 582 S.E.2d at 474.

Here, the state had the burden of proving that Yakovac knowingly possessed methamphetamine on February 20, 2004, in violation of I.C. § 37-2732(c)(1). The urinalysis indicated that she had methamphetamine in her urine on that date. The presence of the drug in her urine indicates that Yakovac had taken the drug in the past and thus had the capacity, through prior experience, to know that the substance in the pipe in her jacket was methamphetamine. In *Lamphere*, evidence offered by the defendant that the defendant did not know the substance possessed was methamphetamine was relevant to negate general intent. *See Lampere*, 130 Idaho at 632-33, 945 P.2d at 3-4. By corollary, evidence offered by the state that a defendant knew the substance possessed was the controlled substance which he or she is charged with possessing, may also be relevant to prove general intent. Pursuant to *Lamphere*, Yakovac's trial counsel did not fall below an objective standard of reasonableness when he failed to object to her positive urinalysis result for methamphetamine. *See Aragon*, 114 Idaho at 760, 760 P.2d at 1176.

Yakovac also argues that her counsel should have required the state to lay a scientific foundation that the analysis demonstrated that the methamphetamine in her system was the same methamphetamine in the pipe, or at least that she had used methamphetamine very recently. We disagree because, as we have already held, the positive test result was admissible to prove her knowledge of the drug from past use. The state did not need to show that the methamphetamine in her urine was the same methamphetamine in the pipe or even that it was used particularly close-in-time to the possession of the pipe to make the positive result relevant. We therefore hold that Yakovac's counsel did not provide ineffective assistance in failing to object to the admission of the urinalysis result under I.R.E. 702, 703, and 901(b)(1) because the district court would have properly admitted the positive result over such an objection in this case.

We conclude that Yakovac's counsel was not ineffective in failing to object to the positive urinalysis result for methamphetamine, and the district court properly denied post-conviction relief on this ground.

### 2. Fingerprinting of pipe

Yakovac also argues that her counsel provided ineffective assistance by deciding not to fingerprint the pipe. A lack of Yakovac's fingerprints on the pipe, argues Yakovac, would have supported her defense that the pipe was placed in the jacket by her attacker, who Yakovac asserts had the jacket in her possession until immediately prior to Yakovac's arrest. The district court denied post-conviction relief on this ground by reasoning that this was a tactical decision by Yakovac's counsel, who instead questioned the state's witnesses regarding the absence of fingerprint evidence linking Yakovac to the pipe. Yakovac now argues that the decision not to fingerprint the pipe was a tactical or strategic error so grave that she is entitled to post-conviction relief.

Fingerprints are probative only of the existence of a particular individual. *State v. Munoz,* 118 Idaho 742, 745, 800 P.2d 138, 141 (Ct. App. 1990). However, the absence of a particular individual's fingerprints does not demonstrate the absence of that individual. *Id.* Thus, fingerprint analysis in this case would have either demonstrated Yakovac had touched the pipe or would be inconclusive, neither of which would have advanced her defense. Additionally, the record indicates that her attorney pursued a line of questioning that attacked the state's failure to fingerprint the pipe.

Therefore, counsel's decision not to fingerprint the pipe was a tactical or strategic decision that will not be second-guessed on appeal unless based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *See Howard*, 126 Idaho at 233-34, 880 P.2d at 263-34. Yakovac has not shown that her counsel's decision not to fingerprint the pipe was based on such shortcomings. Therefore, the district court properly denied post-conviction relief on this ground.

### 3. Admission of jacket

Yakovac argues that her counsel was ineffective because he did not introduce her jacket into evidence to demonstrate that it was not bloody and thus she was not wearing it at the time she was attacked. Yakovac argues the jacket would have bolstered her defense that she did not know the pipe was in the jacket pocket because it was placed there by her attacker, who Yakovac

argues had both Yakovac's jacket and several pipes in her apartment prior to the time of arrest. Yakovac argues the jacket also would have impeached the officers who testified because one of them stated that the jacket was so bloody he did not want to retain it for evidence, while another stated that he did not notice any blood. The officers did not retain the jacket for evidence, and it was thus available to Yakovac's counsel to be introduced as evidence.

Unlike the decision not to fingerprint the pipe, Yakovac's argument that her counsel provided ineffective assistance because he did not introduce the jacket into evidence calls into question her counsel's preparation or other shortcomings capable of objective evaluation. At the very least, the jacket could have been used by Yakovac's counsel to impeach the testimony of one of the two officers. Additionally, if the jacket did not have any blood on it, as Yakovac has alleged in her post-conviction application, the absence of blood would tend to show she was not wearing it at the time of the attack and thus may not have had control over it or the pipe inside of it. The probative value may be limited, but we discern no obvious tactical reason for not placing the jacket into evidence. Without the testimony of Yakovac's trial counsel at an evidentiary hearing, the district court could not determine whether his decision not to introduce the jacket was a tactical decision or the result of inadequate preparation or other shortcomings. We therefore conclude that the district court improperly dismissed this ground for post-conviction relief without first holding an evidentiary hearing.

### 4. Unrelated arrest warrants

Yakovac filed a motion in limine to exclude any references or evidence of her prior crimes. The district court granted Yakovac's motion. Yakovac now argues that her trial counsel was ineffective because he failed to object or move for a mistrial when a witness, and the prosecutor repeatedly referenced warrants for Yakovac's arrest that were unrelated to her charge of possession of methamphetamine in violation of the district court's order in limine. Yakovac cites three references to the warrants, asserting that one was made by the police officer who transported Yakovac to the hospital, and two were subsequently made by the prosecutor while questioning the same officer. However, the record indicates that the third reference to Yakovac's outstanding warrants complained of on appeal was made by Yakovac's trial counsel while cross-examining the same officer. The district court summarily dismissed this ground for relief after reasoning that the existence of the warrants was admissible for establishing the basis for Yakovac's arrest and search of her car.

We first must determine whether the references to the unrelated arrest warrants were admissible. Evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's criminal propensity. I.R.E. 404(b); *State v. Needs*, 99 Idaho 883, 892, 591 P.2d 130, 139 (1979); *State v. Winkler*, 112 Idaho 917, 919, 736 P.2d 1371, 1373 (Ct. App. 1987). However, such evidence may be admissible for a purpose other than that prohibited by I.R.E. 404(b). *State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). In determining the admissibility of evidence of prior bad acts, this Court applies a two-step analysis. First, the evidence must be relevant to a material disputed issue concerning the crime charged. *State v. Moore*, 120 Idaho 743, 745, 819 P.2d 1143, 1145 (1991). Whether evidence is relevant is an issue of law. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). Therefore, when considering admission of evidence of prior misconduct, we exercise free review of the trial court's relevancy determination. *Id.* The second step in the analysis is the determination of whether the probative value of the evidence is substantially outweighed by unfair prejudice. *Id.* When reviewing this step, we use an abuse of discretion standard. *Id.*

We conclude that the references to the unrelated warrants for Yakovac's arrest were inadmissible. The warrants were irrelevant to the charge of possession of a controlled substance under I.C. § 37-2732(c)(1). While the warrants may have been relevant if probable cause for Yakovac's arrest was in issue, the warrants were not relevant at trial because the justification for her arrest or the subsequent search of her vehicle was not a material disputed issue concerning the crime charged. Because we hold that the warrants were not relevant to the charged offense, we need not address the second step of the I.R.E. 404(b) analysis.

Next, we must determine whether Yakovac's application stated a genuine issue of material fact as to whether her trial counsel provided ineffective assistance with regard to the references to warrants for her arrest. Under the first prong of the *Strickland* test, Yakovac's trial counsel fell below an objective standard of reasonableness because a reasonable defense attorney would know that arrest warrants unrelated to the charged offense are inadmissible under I.R.E. 404(b). Yakovac's counsel not only failed to object to the warrants at trial, he also referenced the warrants himself while cross-examining the witness who first mentioned them.

Even so, to survive summary dismissal, Yakovac had the burden of establishing that a genuine issue of fact existed as to whether she was prejudiced by her counsel's conduct under the second prong of the *Strickland* test. *See Aragon*, 114 Idaho at 761, 760 P.2d at 1177. Under this

prong, Yakovac must establish that there is a reasonable probability that, but for the three references to unrelated, outstanding warrants, the outcome of the trial would have been different. We cannot rule on this issue now, however, because analysis under the second prong of *Strickland* must also consider Yakovac's trial counsel's failure to introduce the jacket into evidence if the district court determines that failure to do so was objectively unreasonable. In other words, the district court must first hold an evidentiary hearing to determine if failing to introduce the jacket was objectively unreasonable. If the district court determines it was, the district court then must decide whether any error in failing to introduce the jacket, combined with the error with regard to the references to Yakovac's outstanding warrants, cumulatively prejudiced Yakovac. If the district court determines it was not, the district court must only address the prejudicial effects of the unrelated warrants. Accordingly, we hold that Yakovac's trial counsel provided objectively unreasonable representation with regard to the references to her prior arrest warrants, but remand for the district court to determine whether this inadequacy prejudiced Yakovac.

## IV.

## CONCLUSION

The admission of the positive urinalysis result for methamphetamine cannot be reviewed on direct appeal because Yakovac's trial counsel stipulated to its admission. The district court's statements regarding the stipulation to the positive urinalysis result and upcoming drug court did not constitute fundamental error. Accordingly, Yakovac's judgment of conviction is affirmed.

Yakovac did not establish a genuine issue of material fact as to whether her counsel was ineffective in failing to object to the positive urinalysis result for methamphetamine or in not fingerprinting the pipe. Yakovac did establish a genuine issue of material fact as to whether her trial counsel provided ineffective assistance in failing to enter her jacket into evidence and in referencing arrest warrants unrelated to her charged offense. The district court erred in dismissing Yakovac's application for post-conviction relief without an evidentiary hearing on these issues. Therefore, the order summarily dismissing Yakovac's application for post-conviction is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Each party having prevailed in part in the post-conviction action, no costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**

12