**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42230**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 553 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 15, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DANIELLE MONA LISA DUFF, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of conviction and sentence for operating a vehicle while under the influence of alcohol, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Danielle Mona Lisa Duff was convicted of operating a vehicle while under the influence of alcohol (DUI). On appeal, she contends that the court erred by allowing an officer to testify that her performance on a single field sobriety test indicated that she was "likely" intoxicated. She also contends that the court's statement, made when overruling an objection, impermissibly bolstered the credibility of a witness for the State. We affirm.

**I.**

**BACKGROUND**

Duff was charged with operating a vehicle while under the influence of alcohol in violation of Idaho Code § 18-8004. Because she had a prior DUI within fifteen years, the offense was punishable as a felony. Duff pleaded not guilty and the case proceeded to trial.

1

At trial, only one witness testified, a Kootenai County Sherriff's deputy. He testified that he had observed a large pickup truck speeding at approximately 11:20 p.m. He followed the truck and saw it cross the center line. On that basis, he stopped the truck. He approached the truck and spoke with Duff, who identified herself. The officer explained that Duff had crossed over the yellow line and she responded by saying that her truck was "really squirrelly."

Next, the officer testified that Duff had said controlling the truck was difficult "even when she is sober."[1] The officer testified that he believed that to be an odd statement. At that point, the defendant objected, arguing that the officer lacked foundation to give that opinion. The court disagreed and summarized the officer's qualifications:

> He has testified he has 2500 hours of training. He is POST certified at the masters level. He has over 1200 DUI arrests and he has participated in intentional dosing of persons to test.

After the objection was overruled, the officer continued testifying regarding his investigation. He testified that he smelled the odor of alcohol and that Duff's eyes were "bloodshot and watery." Given his observations, he had Duff perform field sobriety tests.

The officer explained, at length, what he looked for during an HGN test and the point-value officers assign to their observations. As part of his explanation, the officer testified that "the chances are likely or better than likely that the person is under the influence" when a person exhibits HGN when the stimulus is at a forty-five-degree angle from the center of their face. Duff objected on foundation grounds and the court overruled the objection citing the officer's "[t]raining and experience."

The officer continued to testify. He explained that the defendant failed one additional field sobriety test, but passed the third test. Based upon all of his observations, the officer arrested Duff. She submitted to a single breath test which showed she was over the legal limit.

After deliberating, the jury returned a guilty verdict. Thereafter, the defendant filed a motion for mistrial, alleging that the court's description of the officer's qualifications prejudiced her. In her view, the credibility of the officer was a serious issue as he was the only witness at trial, and the court's description of the officer's qualifications impermissibly bolstered his

---

[1] The officer's paraphrase is fairly accurate. The encounter was recorded and the video was submitted to the jury. As recorded in the video, Duff said, "It's squirrelly when I'm sober too."

testimony. The district court ruled that it did not misdirect the jury and that the error if any, was cured by a jury instruction.[2]

Duff was sentenced to a unified term of ten years in prison with five years fixed. That sentence was suspended in favor of probation. The court also imposed fines and community service, suspended Duff's driver's license, and directed that Duff be screened for a problem-solving court.

## II.

## ANALYSIS

On appeal, Duff contends that the court erred in two respects. First, she argues that the court should have excluded the officer's testimony that a person exhibiting horizontal gaze nystagmus prior to 45 degrees is "likely" intoxicated. Second, she argues that the court abused its discretion when it denied a motion requesting a new trial.

### A.  Any Error in the Admission of the Nystagmus Testimony Was Harmless

In the early 1990s, our Supreme Court issued two cases governing the admissibility of evidence that a defendant exhibited horizontal gaze nystagmus. *See State v. Gleason*, 123 Idaho 62, 844 P.2d 691 (1992); *State v. Garrett*, 119 Idaho 878, 811 P.2d 488 (1991). In *Gleason*, the Court held that this evidence may be used "only in conjunction with evidence from other field sobriety tests" and the officer may "testify only that nystagmus may be an indicator of intoxication." *Gleason*, 123 Idaho at 66, 844 P.2d at 695. Under that rule, an officer was permitted to opine that a person was intoxicated, based upon HGN and other tests, but not solely upon the fact that the officer observed HGN. *Id*. This rule was supported by several legal theories and the fact that HGN may "stem from causes other than the ingestion of alcohol." *Id*.

In 2013, the issue came before this Court in *State v. Besaw*, 155 Idaho 134, 138, 306 P.3d 219, 223 (Ct. App. 2013). In that case, the defendant wanted the magistrate court to determine

---

[2]  The court instructed the jury:

> If during the trial I may say or do anything that suggests to you that I am inclined to favor the claims or position of any party, you will not permit yourself to be influenced by any such suggestion. I will not express or intend to express, nor will I intend to intimate, any opinion as to which witnesses are or are not worthy of belief; what facts are or are not established; or what inferences should be drawn from the evidence. If any expression of mine seems to indicate an opinion relating to any of these matters, I instruct you to disregard it.

the reliability of HGN evidence at an Idaho Rule of Evidence 702 hearing. The magistrate court denied the request and held that a hearing was unnecessary because *Gleason* and *Garrett* governed the admissibility of HGN evidence. We agreed, and held an officer may testify that "nystagmus, in conjunction with evidence from other field sobriety tests, may be an indicator of intoxication" after "establishing the qualifications of the person who administered the test." *Id*. at 139, 306 P.3d at 224.

In this case, the general thrust of the officer's testimony was that the panoply of facts indicating intoxication, when considered jointly, showed that Duff was intoxicated. He testified that suspicion of DUI usually does not result from a single observation. He likened it to a cookie recipe with several ingredients, where each part is combined to make a whole. In particular, he specified that field sobriety tests--including HGN--were part of that "recipe." This analogy was repeated in the State's closing arguments. There, the State argued that the jury should convict based upon the aggregate value of the evidence submitted including: the failed HGN test, the defendant's statements at the scene, the smell of alcohol, the defendant's appearance, and the breath test indicating that Duff was over the legal limit.

Conversely, a small portion of the officer's testimony could be construed to violate the rule announced in *Gleason*. The officer testified that HGN could show that a person was "likely or better than likely" to be under the influence. When read literally, and in isolation, this amounted to an opinion that one could infer that Duff was intoxicated solely on the basis of HGN.

Assuming, but not deciding, that the court erred by permitting the State to admit that evidence, the error was harmless. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005).

Here, three factors are especially relevant to harmlessness. First, the State adduced compelling evidence that Duff was intoxicated. *See State v. Ehrlick*, ___ Idaho ___, ___, ___ P.3d ___, ____ (2015) (when assessing harm, the court may consider the strength of the State's case). As stated above, the jury had numerous facts showing intoxication, notably including Duff's statements implying she was not sober and the breath test indicating that Duff was over

4

the legal limit. Second, that evidence was not persuasively rebutted or challenged. *See id*. (a court may also consider the strength of the defendant's case). Third, the general thrust of the witness's testimony was that the factors should be considered in aggregate--not in isolation. Accordingly, it is unlikely that the jury latched on to a single, ambiguous phrase and rejected the broader argument made by the State. For all of these reasons, we conclude that the error was harmless beyond a reasonable doubt.

**B.      The Defendant Was Not Entitled to a New Trial**

As stated above, the trial court listed some of the officer's experiences when responding to a motion challenging the foundation of the officer's opinion. Duff argues this recitation amounted to a "comment on the evidence." She goes on to argue that the misstep was aggravated by the court repeatedly using the phrase "training and experience" when overruling defense objections.

A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Idaho Code section 19-2406 provides the only substantive bases upon which a new trial may be granted in a criminal case. *State v. Gomez*, 126 Idaho 83, 86, 878 P.2d 782, 785 (1994); *State v. Lankford*, 116 Idaho 860, 873, 781 P.2d 197, 210 (1989); *State v. Carlson*, 134 Idaho 389, 397, 3 P.3d 67, 75 (Ct. App. 2000). Idaho Criminal Rule 34, which provides that the trial court may grant a new trial to the defendant "if required in the interest of justice," is not grounds for a new trial, but instead sets forth the standard that a trial court must apply when it considers a motion for new trial. *State v. Cantu*, 129 Idaho 673, 675, 931 P.2d 1191, 1193 (1997); *Carlson*, 134 Idaho at 397, 3 P.3d at 75. Thus, a trial court does not abuse its discretion unless a new trial is granted for a reason not delineated in I.C. § 19-2406 or the decision to grant or deny a motion for a new trial is manifestly contrary to the interests of justice. *Lankford*, 116 Idaho at 873, 781 P.2d at 210; *State v. Critchfield*, 153 Idaho 680, 683, 290 P.3d 1272, 1275 (Ct. App. 2012).

It appears that Duff is aware of our holding regarding the scope of relief available. Accordingly, she cites Idaho Code § 19-2406(5) for the proposition that a new trial motion may be granted "[w]hen the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial." But, Duff does not appear to argue that the court's instruction on any matter of law was erroneous or that the court erred when deciding any question of law. For example, she does not argue that the court's summary of the officer's qualifications was erroneous. She does not argue that the underlying motions had any merit. And, she does not dispute the fact that an officer's "training and experience" might have provided the foundation required to solicit the officer's opinion.

Instead of addressing the application of section 19-2406(5), Duff elides the code section and a rule governing mistrials. In the latter context, we have held that a "judge's remark will be deemed prejudicial if it constitutes a comment on the weight of the evidence or indicates an opinion of the court as to the defendant's guilt or innocence." *State v. Johnson*, 138 Idaho 103, 106, 57 P.3d 814, 817 (Ct. App. 2002); *see also State v. White*, 97 Idaho 708, 712, 551 P.2d 1344, 1348 (1976). We are not convinced that the defendant's claim of error falls within the scope of the applicable code section. Impermissible comments upon the evidence may amount to error, but it does not amount to a jury instruction or a decision on a question of law. Accordingly, we can reject Duff's claims for failing to provide (relevant) argument and authority. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) ("When issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered.").

Moreover, it is not clear that Duff can show error, even under the mistrial standard. In *Johnson*, we discussed several occasions where a judge's comments did result in reversible error. In *White*, 97 Idaho at 711, 551 P.2d at 1347, the court discussed its understanding of car ignition systems and keys, essentially adducing evidence that was not in the record. In another case, *State v. Ward*, 51 Idaho 68, 76, 1 P.2d 620, 623 (1931), the judge opined that one can infer a person's good character from the lack of rumors about his character in the community. In both cases, the statements amounted to impermissible comments on the evidence.

We contrasted those cases with "a clarifying explanation of a ruling or of a procedural matter arising during the trial." Such clarifications are permissible when "the explanation does

6

not constitute a comment on the weight of the evidence or indicate the court's view on the merits of the case." *Johnson*, 138 Idaho at 106, 57 P.3d at 817.

In light of this distinction, we held that the statements in *Johnson* were an impermissible comment on the evidence. There, the court explained that an interpreter would help the defendant if he did not understand some portion of the proceeding, but did not need a verbatim translation. The court explained that the defendant had a sufficient understanding of the English language. We held that this explanation "would constitute a perfectly acceptable and harmless remark" in many cases. *Id.* at 106, 57 P.3d at 817. But, where the defense intended to argue that the defendant was not a competent speaker of English, the comment was prejudicial. *Id.*

We distinguish *Johnson* and hold that the comment in this case amounted to a permissible explanation of a ruling. Here, the defense challenged the reliability of the machine and the credibility of the officer, but it did not challenge the officer's training and experience. Accordingly, because the court did not frustrate the defendant's ability to present his defense, this case is distinguishable from *Johnson*.

Here, the judge's comments were a permissible explanation for its ruling. The explanation was prompted by the defendant's repeated, and repeatedly overruled, foundation objections. It might have been preferable for the court to have simply said, "The officer is qualified to testify based upon his training and experience," rather than summarizing that training and experience. But, the court's comments in this case did not cause prejudice or result in error. Therefore, even if Duff was procedurally authorized to argue that the court impermissibly erred by commenting on the evidence, the claim fails on the merits.

### III.
### CONCLUSION

We reject each of Duff's claims of error. To the extent the court erred by permitting the officer to testify that HGN likely indicated intoxication, the error was harmless. Moreover, we hold that the court did not err by explaining its reasoning when it overruled Duff's foundation objection. Therefore, we affirm the judgment of conviction.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.

7